SPRING CREST COMPANY, a corporation, Thomas A. Stubblefield, James F. Brooks, and John H. Hancock, Appellants,

v.

AMERICAN BEAUTI PLEAT, INC., a corporation, and Orville T. Stall, Appellees.

No. 22679.

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1970.

Carlisle Moore (argued), of Mellin, Hanscom & Hursh, San Francisco, Cal., Bernard Kriegel, Los Angeles, Cal., for appellants.

Charles E. Wills (argued), of Harris, Kiech, Russell & Kern, George A. Maxwell, Los Angeles, Cal., for appellees.

Before HAMLEY and BROWNING, Circuit Judges, and THOMPSON,* District Judge.

THOMPSON, District Judge:

The District Court held United States Letters Patent No. 3,090,431 invalid because of obviousness and lack of invention over the prior art.

The patent is one for a drapery supporting and pleating apparatus, relating to close hook-up installation of spring-pleated draperies. The District Court held all four claims of the patent invalid.

Claims one and two relate to the design of the glide, in reality a combination glide, post and gripper consisting of a T-shaped head (which rides along the inside of the drapery track) connected to a post and safety-pin like gripper for fastening to the undulant spring.

Claims three and four assert patentability of the combination of the drapery track, the glide and the undulant spring. The alleged invention pertains generally to the hardware for use with spring-pleated traverse draperies, including a slotted ceiling track of sheet metal adapted to be fastened to the ceiling above the area to be draped, an elongated undulant metal spring called a "spring pleater", adapted to be inserted in the upper hem of the drapery to be hung from the ceiling track, and a plurality of glides which are adapted to be removably fastened to the spring pleater and inserted through the slot in the ceiling track to support the spring pleater and drapery as the drapery is traversed between the open and closed positions.

The combination is of value because the rigid plastic glide-post-gripper utilizes the tension of the undulant spring pleater to hold the T-shaped glide crossways in the drapery track, yet the glides may be hung in or removed from the track by a simple twist of the spring.

In detailed findings, the District Court carefully demonstrated that each of the component parts of the drapery hardware assembly was disclosed in prior patents. The combination of the old elements performed a useful function, but to those skilled in the art with knowledge of the prior patents, the combination was obvious, as was the design of the glide-post-gripper.

The Appellants have not contested the specific findings of fact, except to characterize some as conclusions of law. "The obviousness or non-obviousness of the subject matter of a patent presents a question of law." Hensley Equipment Co. v. Esco Corporation, 375 F.2d 432 (9th Cir. 1967). To this extent, Appellants are correct. Nevertheless, the absence of dispute with respect to the "factual background" findings supporting the conclusion (see Hensley Equipment Company v. Esco Corporation, supra) leaves Appellants on shaky ground in asserting error. We discern no purpose to be served in repeating here the specific findings of fact which detail the scope and content of the prior art, the differences between the prior art and the claims at issue and the level of ordinary skill in the pertinent art.

Three decisions of the Supreme Court persuade us that the conclusions of the District Court in this case are clearly correct. In Cuno Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58 (1941), the use of a thermostatic control to pop-out a cigarette lighter in an automobile when ready for use was held non-patentable. "More must be done than to utilize the skill of the art

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

in bringing old tools into new combinations" (Id. p. 89, 62 S.Ct. p. 40). So, too, in Great A & P Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950), a cashier's counter designed to facilitate the checking through of groceries was found non-patentable. "To bring these devices together and apply them to save the time of customer and checker was a good idea, but scores of progressive ideas in business are not patentable, and we conclude on the findings below that this one was not" (Id. p. 153, 71 S.Ct. pp. 130–131). Finally, in Anderson's-Black Rock, Inc. v. Pavement Salvage Co., Inc., December 8, 1969, 396 U.S. 57, 90 S.Ct. 305, 24 L. Ed.2d 258, the idea of combining on one chassis a radiant heat burner, a bituminous concrete spreader and a tamper and screed failed the test of patentability. The idea solved the "cold joint" problem in laying asphalt pavement in sections. "We conclude that while the combination of old elements performed a useful function, it added nothing to the nature and quality of the radiant burner already patented. We conclude further that to those skilled in the art the use of the old elements in combination was not an invention by the obvious-nonobvious standard. Use of the radiant burner in this important field marked a successful venture. But as noted, more than that is needed for invention." (Id. 396 U.S. 62, 63, 90 S.Ct. p. 308, 309)

█ There is no reason to reject the findings and conclusions of the District Court that the idea of combining old elements, i. e., a drapery track, undulant spring pleater and T-shaped glide in a manner to permit the tension of the spring to hold the glide in the track was obvious to one skilled in the drapery art. This demonstration of simple mechanical skill does not warrant monopolistic protection.

Appellants allege that the validity of claims one and two of the patent (relating to the design of the glide-post-gripper device) was not in issue. The Answer and Counterclaim of defendants alleged the invalidity of every claim of the patent. True, in pre-trial proceedings, an ambiguity developed regarding whether the actual trial would be limited to the third claim but this was resolved in opening statements at the outset of the trial and also subsequently when the trial court denied an oral motion to dismiss the portion of the Counterclaim relating to claims one and two.

The judgment is affirmed.