**Harlan P. HAMLOW and Henry Rapoport, Plaintiffs-Appellants,**

v.

**SCIENTIFIC GLASS APPARATUS CORP., a corporation, and Rinco Instruments Company, Inc., a corporation, Defendants-Appellees.**

No. 22810.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1970.

Rehearing Denied Feb. 16, 1970.

Henry G. Hardy (argued), San Francisco, Cal., for appellants.

Carlisle M. Moore (argued), Oscar A. Mellin, of Mellin, Hanscom & Hursh, San Francisco, Cal., Bernard Kriegel, Los Angeles, Cal., for appellees.

Before JERTBERG, BROWNING, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellants brought this action against two corporate defendants for infringement of United States Patent No. 3,219,-099. The patent covers appellants' design for a small piece of laboratory equipment known as a rotary evaporator. The district court found the patent both invalid and not infringed; we affirm on the sole ground that the patent was invalid for obviousness under 35 U.S.C. § 103.

Appellants' rotary evaporator is superior to earlier models in that it uses Teflon-to-glass joints at two crucial junctures, creating vacuum-tight connections that need no lubricants. Materials can thus be quickly evaporated without contamination. Although appellants' new combination of old elements performs a useful function, that fact is not sufficient to uphold the patent. The prior Buchler rotary evaporator used a Teflon-to-glass joint, although not at the crucial junctures. The prior Birchall patent em-

ployed Teflon plugs in its design of a stopcock for laboratory glassware, thereby showing the airtight, contamination-free qualities of a Teflon-to-glass connector. Other evaporators in use employed both Teflon-to-Teflon and glass-to-glass joints, and suffered from contamination problems. These facts convinced us that the district court was correct in deciding that appellants' new combination of old elements was obvious to one skilled in the art of laboratory-equipment design. We are not persuaded otherwise by the commercial success of appellants' product; such success is to be expected when monopolistic protection is given to a useful but obvious advancement of the art. (*See generally* Anderson's-Black Rock, Inc. v. Pavement Salvage Co. (Dec. 8, 1969) 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed. 2d 258; Spring Crest Co. v. American Beauti Pleat, Inc. (9th Cir. Jan. 2, 1970) 420 F.2d 950; Carborundum Co. v. Wilbanks, Inc. (9th Cir. Dec. 23, 1969) 420 F.2d 43.)

Several of the other points raised by appellants may well have merit, but our decision on the obviousness issue renders unnecessary our considering them.

The judgment of the district court is affirmed.