**CAVITRON CORPORATION, Plaintiff-Appellee,**

v.

**ULTRASONIC RESEARCH CORPORA-TION et al., Defendants,**

**Sonic Industries Corporation, John C. Adams, et al., Defendants-Appellants.**

**No. 28028.**

United States Court of Appeals, Fifth Circuit.

May 25, 1970.

John Cyril Malloy, Eugene Tennenbaum, Miami, Fla., Carl V. Wisner, Jr., Fort Lauderdale, Fla., for defendants-appellants.

William H. Benson, Feibelman, Friedman, Hyman & Britton, Miami, Fla., Dana M. Raymond, Brumbaugh, Free, Graves & Donohue, New York City, for plaintiff-appellee.

Before PHILLIPS *, BELL and SIMPSON, Circuit Judges.

PER CURIAM.

This appeal arises out of a patent infringement suit brought by Cavitron claiming infringement of stated claims in three separate patents. The district court concluded that the claims in suit

* Of the Tenth Circuit, sitting by designation.

were valid and infringed, and that Cavitron did not violate the false marking statute. 35 U.S.C.A. § 292. The detailed opinion of the district court is reported: Cavitron Corporation v. Ultrasonic Research Corporation, S.D.Fla., 1969, 301 F.Supp. 293.

We are in agreement with the result reached by the district court. The findings of fact are not clearly erroneous nor is there any misapplication of law. The district court expressly dealt in its opinion with the nonobviousness requirement for determining patentability. In our view, the court fully understood the nonobviousness test, and that, contrary to the contention of appellants, it was applied to the full scope and content of the prior art. 35 U.S.C.A. § 103. On the nonobviousness test, see Anderson's-Black Rock v. Pavement Salvage Company, 1969, 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258, 262; Graham v. John Deere Co., 1966, 383 U.S. 1, 17–18, 86 S.Ct. 884, 15 L.Ed.2d 545, 550.

Affirmed.