William R. BLAIR, Jr., Appellant,

v.

DOWD'S, INC., et al.

William R. BLAIR, Jr.

v.

DOWD'S, INC.,
Westinghouse Electric Corporation,
Appellant.

Nos. 22760, 22761.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 12, 1970.

Decided Aug. 27, 1970.

———◆———

Mr. Marshall A. Lerner, with whom Messrs. William D. Hall and Elliott I. Pollock, Washington, D. C., were on the brief, for appellant in No. 22,760 and appellee in No. 22,761.

Mr. Edward F. McKie, Jr., with whom Mr. Albert J. Santorelli, Washington, D. C., was on the brief, for appellees in No. 22,760 and appellant in No. 22,761.

Before TAMM, ROBINSON and MacKINNON, Circuit Judges.

PER CURIAM:

The subject matter of the instant patent litigation is a complex bit of electronic circuitry found in the viscera of the common television set. In television receivers, the picture is reconstituted from the stream of information broadcast over the airwaves by means of a beam of electrons scanning rapidly and continuously, line by line, over a cathode ray picture tube. In addition to this "video" or picture information, the broadcast signal contains audio information which becomes the sound portion of a television program and synchronizing ("synch") signals which regulate the scanning operation of the electron beam. Synch signals are separated from the general flow of broadcast information and made available for the task of controlling the electron beam by means of a device which is prosaically denominated a "synch separator." Efficient operation of the synch separator is made difficult by "noise" or interference generated by any electrical equipment which produces sparks while in operation; if the synch separator is unable to distinguish these unwanted signals from the essential synch signals, the result is, as might be expected, a substantial degradation of picture quality.

The patent in question, No. 2,783,377, was issued to Wofford on February 26, 1957, on an application originally filed in 1951. (J.A. 1115.) The Wofford patent employs a device known as a noise inverter, which was common in the prior art, to eliminate the undesired noise by applying to the circuit an electrical signal of the opposite polarity which cancels the offending interference. The claimed invention in the Wofford patent, however, resides in the fact that in his circuit when the synch separator operates to remove the synch signals from the other broadcast information, it creates a complex "bias voltage" which is then used to control the noise inverter, thereby allegedly making the inverter more responsive to a wider range of noise levels than comparable devices known to the art in 1951.

Appellant Blair, the present owner of the Wofford patent, brought suit for infringement in the District Court, naming Dowd's, Inc. as defendant (J.A. 11–12); thereafter Westinghouse, Inc., manufacturer of the allegedly infringing television sets sold by Dowd's, intervened as a defendant in the action, contesting the issue of infringement and asserting as an affirmative defense the invalidity of the Wofford patent. (J.A. 14–18.) After a lengthy trial at which voluminous testimony and numerous exhibits were introduced, the District Court ruled that the Wofford patent was invalid because it was obvious within the meaning of 35 U.S.C. § 103 (1964), but that if the Wofford circuitry were deemed patentable, it would have been infringed by Westinghouse. (J.A. 1115–32.) In the present cross-appeals, Blair contests the trial court's holding on the question of obviousness, whereas Westinghouse attacks the finding on infringement. We affirm.

There can be little doubt that the trial court applied the correct principles of law in passing upon the obviousness of the claimed invention. After summarizing the evolution of the statutory criterion, the trial judge pointed out that the Wofford patent was a combination claim, and observed that the Supreme Court had cautioned that "[c]ourts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements." Great Atlantic & Pacific Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950). The continuing, if not increased, vitality of this proposition is underscored by several recent decisions; see, e. g., Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57, 61, 90 S.Ct. 305, 308, 24 L.Ed.2d 258 (1969) (combination claim must produce an "effect greater than the sum of the several effects taken separately" or a "synergistic result" in order to be patentable); Lear, Inc. v. Adkins, 395 U.S. 653, 670, 89 S.Ct. 1902, 1911, 23 L.Ed.2d 610 (1969) (courts should protect "the important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain"); International Salt Co. v. Commissioner of Patents, 140 U.S. App.D.C. 378, 436 F.2d 126 (D.C.Cir. April 15, 1970).

The trial court then proceeded to determine as questions of fact the content of the prior art which was in existence at the time Wofford sought his patent, and the differences between the prior art and the claimed invention, as required by Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). Specifically, the trial court found that a patent application by Anderson, filed before Wofford's application, "discloses every feature shown in the patent at suit except the connection between the synchronizing separator and the noise inverter"; that the prior art was familiar with "the use of voltage originating in one part of the receiver for the control or operation of another part of the receiver"; that a patent issued to Schlesinger in 1940 "shows the use of voltage originating in the synchronizing separator to control another part of the receiver"; and that a patent issued to Holmes in 1942 "discloses a noise inverter which is operated by voltage derived from another part of the television receiver, in this case the detector circuit." (J.A. 1125.) On the basis of these and other findings, the trial court concluded that Wofford's circuit was "obvious and the product of mechanical skill rather than of the inventive faculty." (J.A. 1126.) Appellant Blair argues at great length and in considerable technical detail that the Wofford patent constitutes a substantial departure from the prior art and that the trial court's findings in this area are so defective as to mandate reversal. However, our review of the record reveals that the foregoing findings are amply supported by the evidence, and that the trial court's ultimate conclusion—that the Wofford circuit is unpatentable by virtue of its obviousness

**138**

—is fully in accord with applicable principles of law.

Other contentions advanced by the appellant Blair do not merit discussion in this opinion, and, in view of our disposition of the issue of obviousness, we need not pass upon the challenges by appellant Westinghouse to the trial court's findings and conclusions on the issue of infringement. Accordingly, the judgment of the District Court is affirmed.

Affirmed.