**38**

**AMERICAN POTATO COMPANY,**
Plaintiff,

v.

**GENERAL FOODS CORPORATION,**
Defendant.

**Civ. A. No. 3813.**

United States District Court,
D. Delaware.

Sept. 30, 1970.

William Poole, of Potter, Anderson & Corroon, Wilmington, Del., W. Brown Morton, Jr., and John T. Roberts, of McLean, Morton & Boustead, Washington, D. C., of counsel, for plaintiff.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., and Michael J. Quillinan, of General Foods Corp., White Plains, N. Y., of counsel, for defendant.

## OPINION

WRIGHT, Chief Judge.

Plaintiff (American Potato) is a corporation organized under the laws of California and has its principal place of business at San Francisco, California. Defendant (General Foods) is a corporation organized under the laws of Delaware and has its principal place of business at White Plains, New York.

The complaint seeks a declaratory judgment under 28 U.S.C. §§ 2201, 2202 of the invalidity of claims 1, 2 and 3 of U. S. Letters Patent No. 3,220,857, issued to defendant as assignee of Frank Hollis, Jr., and Bert Borders. Invalidity is predicated upon the failure of those claims to meet the conditions of patentability imposed by 35 U.S.C. §§ 102, 103. Defendant denied invalidity of its patent and filed a counterclaim charging plaintiff with infringement. Plaintiff's reply denied infringement. Substitute pleadings were filed by the parties after the Court granted defendant's motion to strike portions of the original complaint.

Jurisdiction exists under 28 U.S.C. § 1338(a) and venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

The case is before the Court upon cross motions for summary judgment. Plaintiff's motion, seeking a judgment invalidating claims 1, 2 and 3 of defendant's patent, is based solely upon the issue of obviousness under 35 U.S.C. § 103. Subsequent to plaintiff's motion, defendant filed two cross motions for summary judgment: one to declare that claims 1, 2 and 3 of defendant's patent are valid, the other to declare that the commercial process[1] used by plaintiff in the manufacture of "Potato Buds" constitutes infringement of defendant's patent.

The cross motions have been fully briefed by the parties. Supporting affidavits, exhibits and documents have been filed, and oral arguments were presented at a hearing held upon the motions. Both parties have submitted pro-

---

1. U.S. Letters Patent No. 3,407,080, issued on October 22, 1968 to plaintiff as assignee of Joe H. Rainwater, Roderick G. Beck and Lyle H. Parks.

posed findings of fact and conclusions of law.

Plaintiff argues that it is entitled to summary judgment because the subject matter of defendant's patent fails to pass the statutory test of obviousness established by 35 U.S.C. § 103.[2]

The Supreme Court has directed that the issue of obviousness be resolved in the following manner:

"Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved."

Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966). The Court recently admonished that "strict observance" of those requirements is necessary. Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57, 62, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969).

Defendant's patent involves a process for the manufacture of dehydrated mashed potatoes. Simply stated, the process employs the following consecutive steps: (a) removing adhered foreign matter from raw potatoes leaving the skins, eyes and defects on the potatoes; (b) precooking in water; (c) quenching (cooling); (d) cooking; (e) mashing; (f) slurrying in an aqueous medium; (g) mechanically separating the peels, eyes and defects from the slurry; (h) dehydrating the slurry.

Defendant acknowledges that both the precook-quench-cook sequence [steps (b)–(d)] and the mechanical separation of peels, eyes and defects from a slurry [step (g)] were processes known to the prior art. Defendant contends, however,

that the combination of the two old processes created a patentable invention.

The Supreme Court has comprehensively defined the prerequisites for a valid combination patent. In Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008 (1938), the Court explained:

"The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention."

In Great Atlantic & Pac. Tea Co. v. Supermarket Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950), the Court recognized that a valid combination patent may exist if the combination produces a synergistic effect:

"The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable."

Plaintiff relies upon the recent Supreme Court decision in Anderson's-Black Rock, Inc. v. Pavement Salvage Co., supra, which invalidated for obviousness a combination patent that failed to meet the tests enunciated in Lincoln and A & P, as the controlling precedent dispositive of its motion. Asserting that the combination of the two old processes produced no new or different function, plaintiff submits that it was reasonably obvious to one skilled in the prior art to combine both processes to achieve their known effect. In support of this position, plaintiff places primary reliance upon two prior art references: Tenth Annual Potato Utilization Conference

2. "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

(Conference) [3] and the Composite Potato Process, British Patent No. 866,172.

Plaintiff has excerpted those portions of the Conference which relate to dehydrated potato products, emphasizing statements of Miles Willard and Roderick Eskew. The Conference papers discuss the newly discovered importance of intermediate cooling to the production of a more mealy potato product. U. S. Department of Agriculture researchers at Philadelphia were the first to apply the precook-quench-cook sequence to the processing of peeled potatoes. They discovered that intermediate quenching greatly improved the texture of the reconstituted product by eliminating pastiness. This result, coined the "Philadelphia effect," was achieved because intermediate cooling prevents cell rupture, the cause of pastiness, by crystallizing the starchy intercellular medium of the potato. None of the speakers at the Conference discussed the applicability of the Philadelphia effect technology to unpeeled potatoes.

The Composite Process, a British patent owned by defendant, relates to a dehydration process which utilizes unpeeled potatoes and mechanical screening of peels, eyes and defects from a slurry. The patent claims that excessive cell rupture and ensuing pastiness is avoided by dividing the potato into a core fraction and a peel fraction, separately processing each, and ultimately combining both segments after the undesirable portions are screened from the peel fraction. The Composite Process does not utilize the intermediate quench and tends to produce a reconstituted product of heavy texture.

Defendant insists that its patent is not a "mere aggregation" of these two prior art processes which simply unifies

the results performed by each process separately. Defendant contends that prior art workers did not appreciate that intermediate cooling of precooked, unpeeled potatoes would permit mechanical screening of the peels, eyes and defects from a slurry without any cell rupture. Defendant submits that the combination was unobvious at the time of invention because it required workers skilled in the art to disregard certain teachings of the prior art: (1) that cooking unpeeled potatoes permanently drives undesirable color and odor from the peels, eyes and defects into the interior of the potatoes; [4] (2) that the art of mechanical separation described in the Composite Process produced a heavy textured product by rupturing cells; (3) that intermediate quenching caused graininess if employed in sufficient amount to avoid cell rupture induced by screening. Defendant urges that questions of material fact regarding obviousness therefore exist which preclude summary judgment for plaintiff.

The Court concludes that summary judgment for either party would be inappropriate at this juncture. While the subject matter of defendant's patent is not complex, ambiguity exists regarding the precise nature of the new and different function attributed to the combination.

A declared objective of the patent is to combine prior art processes in a manner that will eliminate their disadvantages, particularly excessive flavor change, pasty texture, grainy texture, excessive browning, and rancidity. One factor is emphasized by defendant's patent and briefs as the new and "unusual effect" of the combination: the facilitation of mechanical peeling by avoiding cell rupture which produced a pasty and heavy textured product.

3. The Conference, held at Idaho Falls, Idaho on July 20–22, 1959, was sponsored jointly by the University of Idaho, Moscow, Idaho, United Fresh Fruit and Vegetable Association, Washington, D. C., and the Western Utilization Research and Development Division, Agricultural Research Service, U.S. Department of Agriculture, Albany, California.

4. Defendant cites statements of plaintiff's employees, Joe H. Rainwater and Roderick G. Beck, contained in patent application No. 222,538 September 10, 1962, pp. 4–5.

It is difficult to perceive what is new or unobvious about this result alone. Since it was already known that pre-cook-quench mitigates cell rupture during processing by retrograding starch within potato cells, it seems that it would have been obvious to one skilled in the art to try using precook-quench to mitigate cell rupture during mechanical peeling. In both instances precook-quench appears to accomplish the same ultimate result—a nonpasty reconstituted product—in the same manner—by eliminating cell rupture through retrogradation of starch within potato cells. The only difference appears to be in the stage at which cell rupture is prevented.

Whether it is also claimed that the combination produces other new functions is uncertain. Defendant has argued that its patent is unobvious because the prior art taught that cooking unpeeled potatoes impairs the flavor of the final product. But it is unclear whether the combination is also claimed to improve the flavor of the reconstituted product by striking a balance between loss of flavor caused by cooking potatoes peeled and the penetration of undesirable flavor caused by cooking potatoes unpeeled. The patent itself merely states: "By not affecting complete peeling of the raw potatoes prior to cooking, valuable flavor and aroma notes are retained in the dehydrated potato product." Pat. No. 3,220,857, supra, col. 2, lines 57–59.

Until the Court more fully understands the precise difference between the subject matter of defendant's combination patent and the prior art, the obviousness of that difference cannot be determined and summary judgment for either party is premature. Expert testimony may help the Court achieve a more complete understanding of the problem by isolating the exact differences, both in function and result, between defendant's patent and its prior art components and by explaining the forces which cause those differences.

In view of these factors, it will be unnecessary for the Court to decide the other contentions of the parties.

Accordingly, both plaintiff's motion and defendant's cross motion for summary judgment are denied.

Counsel for plaintiff and defendant shall submit order in accordance herewith.