**Miguel A. RAMIREZ, Sr., Individually and Maret, Incorporated, a corporation, Plaintiffs-Appellants,**

v.

**Antonio PEREZ, Individually, and d/b/a La Mexicana Tortilla Company, and Heliodoro Valadez, Individually, Defendants-Appellees.**

**No. 30185.**

United States Court of Appeals, Fifth Circuit.

April 9, 1971.

---

class of cases known in the law can be said to be as uniquely fact-oriented as those involving patents. Trial court fact determinations are the *sine qua non* of accurate appellate review. We, therefore, vacate the judgment in this cause and remand the same for appropriate findings of fact and conclusions of law based thereon. This action is taken without the slightest hint of any determination here on the merits of this controversy.

Vacated and remanded.

H. Tati Santiesteban, Paul T. Caruthers, Marshall I. Yaker, Paxson & Santiesteban, El Paso, Tex., for plaintiffs-appellants.

Robert T. Schwarzbach, Harry Lee Hudspeth, El Paso, Tex., for defendants-appellees.

Before SKELTON *, Judge of the Court of Claims, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The opinion of the district court in this action involving claims for infringement of a combination patent, fails to articulate any findings of fact. Based upon Anderson's-Black Rock, Inc. v. Pavement Salvage Co., Inc., 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969), the court declared the patents of plaintiffs and defendants to be invalid insofar as they contemplated or purported to include a hot plate system for the processing of flour tortillas. We are thus left with no means to review the basis for the apparent determination of obviousness in this portion of these devices.

In Ag Pro, Inc. v. Sakraida, 437 F.2d 99 (5th Cir. 1971), we pointed to the teaching of Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1965), which highlighted the need for exceptionally diligent attention by the district court to the facts related to a determination of patentability. No