**SPEAKMAN COMPANY, Plaintiff-Appellant,**

v.

**WATER SAVER FAUCET COMPANY, INC., Defendant-Appellee.**

No. 73-1562.

United States Court of Appeals, Seventh Circuit.

Argued April 23, 1974.

Decided May 28, 1974.

Rudolf E. Hutz, Wilmington, Del., J. Terry Stratman, Chicago, Ill., for plaintiff-appellant.

Charles B. Spangenberg, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, FAIRCHILD, Circuit Judge, and SOLOMON, Senior District Judge.*

PER CURIAM.

Plaintiff-appellant, Speakman Company (Speakman), is the owner of United States patent No. 3,090,050 (Fraser patent), which described and claimed an eye and face washing device for cleansing acid and other corrosive substances from the eyes and face in emergencies.

Speakman filed an action against defendant-appellee, Water Saver Faucet Company, Inc. (Water Saver), for patent infringement. Water Saver denied infringement and filed a counterclaim to have all the claims of the patent declared invalid for obviousness under 35 U.S.C. § 103. Water Saver also asserted that the claims of the Fraser patent were invalid because they covered an aggregation or combination of old elements in which the alleged improvement performed no new function in the combination and in which all the elements performed their known and expected functions.

Claim No. 3 is typical of the claims:

"3. A fountain for continuously washing human eyes which comprises in combination:

(a) a source of water under pressure,

(b) a basin connected to a drain, said basin being large enough to receive the human face,

(c) at least two aerating nozzles having a water conduit therethrough and air ports in the sides thereof,

(d) said nozzles being equally spaced from each side of said basin,

(e) a pressure equalizer having conduits therefrom to each nozzle,

(f) a conduit from the pressure equalizer to said source of water, and

* Senior District Judge Gus J. Solomon of the District of Oregon is sitting by designation.

(g) a means in said last mentioned conduit to initiate the water flow."

Speakman admits that there were several prior patented wash devices using all of the elements of the Fraser patent except that the nozzles on each side of the basin, although pressure controlled, were not aerated. Aeration is also old in the art. Speakman admits that Aghnides patent 2,633,343 described and claimed aerators and that by the early 1950's "many millions of aerators had been sold for use in household applications such as on kitchen and bathroom faucets."

Speakman asserts that the addition of this aerator in the nozzle on each side of the basin made the combination a patentable invention. The trial court disagreed. It stated:

"The Fraser device, when considered in light of prior art available to this court, is merely an obvious combination of old elements. Logan and Benson provide the assembly for an eye and face bath. Logan even suggested the need for a gentle (*i. e.*, low pressure) stream of copious water. The Haws catalogue bridges the gap by using a bubbler in this type of device. The prior art, therefore, not only taught every feature in claims 3, 6 and 8–11; it also taught how to combine them to achieve an aerated eyebath. Faced with this evidence, we are of the opinion that any practitioner in the art, particularly one of ordinary skill, would have been able to achieve the combination claimed by Fraser. Anderson's-Black Rock, Inc. v. Pavement Salvage Co., Inc., 396 U. S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969); Sutter Products Company v. Pettibone Mulliken Corp., 428 F.2d 639 (7th Cir. 1970)."

■ We agree with the trial court. Speakman calls attention to the court's erroneous statement that the bubbler used in Haws was aerated, which statement was based on a definition from a dictionary not in evidence that a bubbler is "any of several devices in which air or gas is bubbled through a liquid." Speakman argues that this misapprehension of the Haws bubblers caused the court to erroneously conclude that the Fraser patent was invalid.

There is no merit in this contention. Whether the bubbler in Haws was aerated does not alter the basis of the court's conclusion that Fraser is merely an obvious combination of old elements. The error was inconsequential.

The file wrapper of the patent application of Fraser discloses that the claims were rejected four times on the basis of Logan, patent 2,775,774, Benson, patent 2,482,960, and Aghnides, patent 2,210,846. Speakman appealed to the Board of Appeals, but approximately two years later Speakman withdrew its appeal. Instead, Speakman filed a continuation-in-part application containing more detailed claims but raising essentially the same issues as those presented in the parent application. Again the claims were rejected by a new examiner, but later the claims were allowed and the patent issued.

Like the trial court, we fail to find a basis for this change of position by the Patent Office.

■ We agree with the trial court's conclusion that commercial success is no substitute for invention and that "given the nature of the prior art, that plaintiff's device would have been obvious to a person having ordinary skill in the art at the time the invention was made and that the defendant has overcome the presumption of validity by clear and convincing evidence."

The judgment of the District Court finding the Fraser patent No. 3,090,050 invalid is affirmed.