Henry A. RUTTER, Plaintiff-Appellee,

v.

Barney V. WILLIAMS,
Defendant-Appellant.

No. 75-1436.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 23, 1976.

Decided Sept. 16, 1976.

Rehearing Denied Oct. 8, 1976.

William S. Dorman, Tulsa, Okl., for plaintiff-appellee.

Paul H. Johnson, Tulsa, Okl., for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a patent case in which the district court held that appellee Rutter's patent was valid and infringed by appellant Williams. The patent involves a combination of old elements. The controlling question is obviousness of the subject matter to one skilled in the art. See 35 U.S.C. § 103. After a non-jury trial, the district court concluded that the defendant-infringer had failed to show that the patent would have been obvious to one skilled in the art. We reverse.

The patent involved is No. Re 27,090 issued to Rutter as a reissue patent from original patent No. 3,362,172. Each patent is entitled "Individual Dry Dock for Boats". The purpose is to provide an individual means for lifting boats out of water for storage. Our concern is with Claims 1 and 2 of the patents.

Claim 1 has six elements. The district court gave consideration to each and to related prior patents. In summary, the court found the elements and the pertinent prior patents to be:

Element (1)—A recess within a dock wherein boats may be brought on water.

Element (2)—A frame within the recess.

Element (3)—Means within the proximity of the recess for pivotally securing the frame therein whereby the frame is vertically movable and pivotal about a horizontal axis.

The above three elements are covered by Poe Patent No. 3,191,389 relating to an individual dry dock for boats. In the Poe Patent the boat is elevated and lowered by means of cables attached to a winch. Poe does not show any pontoon means for lifting or lowering the frame.

Element (4)—A pontoon carried by the frame, the pontoon having the lower end open for admitting water into the interior of the pontoon.

Several patents cover the pontoon concept. For example, see Hamilton Patent No. 1,380,141; Hohorst Patent No. 1,296,662 and Dutton Patent No. 615,440.

Element (5)—Means for directing air into the pontoon to elevate the frame and the boat out of water.

Element (6)—Means for discharging the air from the pontoon whereby the frame and boat may be lowered within the recess and the boat returned to the water.

Elements (5) and (6) are found in a number of patents. See, for example, Hohorst Patent No. 1,296,662, Melhorn Patent No. 821,110, and Dutton Patent No. 615,440.

Claim No. 2 includes, in addition to the mentioned six elements, a seventh which is described as "guide means for cooperating between the frame and the recess for guiding the vertical movement of the frame within the recess." This element is found in the Hohorst Patent No. 1,296,662, and Dutton Patent No. 615,440.

Defendant contends that the presumption of patent validity is impermissible because the Examiner did not consider all of the appropriate prior art. Reliance is placed on Engstrand Patent No. 2,576,928, Harris Patent No. 2,761,409 and Fort Patent No. 3,270,698. The trial court said that none of these three patents disclosed anything which is not shown in the prior art considered by the Examiner. We agree. The Examiner cited as references each of the patents which we have mentioned in connection with the various elements.

Rutter does not contest the statement of the trial court that:

"Each of the six elements of Claim 1 is individually old and each of the seven elements in Claim 2 is individually old."

None of the prior patents cover an individual dry dock for boats wherein all of the seven elements are included. The essential difference between the Poe Patent and that in suit is that, although Poe shows a boat lift having a frame pivotally mounted within a recess, it does not show any pontoon means for lifting or lowering the frame. Other patents show the pontoon means and the raising or lowering of the frame and boat by means of the introduction or release of air. Insofar as the six elements of the first claim are concerned, Rutter combined

the features of the Poe Patent with the air pressurized pontoons shown by other patents. So far as Claim 2 is concerned, Rutter combined the six elements with a guide means which is shown by other patents.

The issue is whether a combination of old elements is patentable. The defendant-infringer does not claim anticipation within the purview of 35 U.S.C. § 102. Rutter's combination of the seven elements is not within the prior art. The issue is one of obviousness.

Section 103, 35 U.S.C., provides:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

*Graham v. John Deere Co.,* 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 characterizes § 103 "as a codification of judicial precedents . . . with congressional directions that inquiries into the obviousness of the subject matter sought to be patented are a prerequisite to patentability."

*Graham v. John Deere Co.* also says, Ibid., that:

"Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved."

The Supreme Court has admonished that "strict observance" of these requirements is necessary. *Anderson's—Black Rock v. Pavement Salvage Co.,* 396 U.S. 57, 62, 90 S.Ct. 305, 24 L.Ed.2d 258.

Obviousness requires factual determinations which are entitled to the usual respect accorded determinations of fact. *CMI Corp. v. Metropolitan Enterprises, Inc.,* 10 Cir., 534 F.2d 874, 880; *Halliburton Co. v. Dow Chemical Co.,* 10 Cir., 514 F.2d 377, 379; and *Price v. Lake Sales Supply R.M., Inc.,* 10 Cir., 510 F.2d 388, 391.

In the instant case the trial court made specific findings as to the scope and content of the prior art and to the differences between the prior art and the claims at issue. It made no specific determination of the level of skill in the pertinent art, saying that:

"The Defendant has failed to show by clear and convincing evidence that the subject matter of the claims of the patent in suit would have been obvious to a man skilled in the art in view of the prior art."

With regard to obviousness, *Price v. Lake Sales* says, 510 F.2d at 391, that the Tenth Circuit has adopted the approach that "[s]o long as it is clear that the court has grappled with the problems presented it [the trial court's action] is accepted." In that case the court noted that the claimed invention had five essential elements "[a]ll but one of these have some manifestation in the cited prior art and yet none of the cited prior art contains the combination of elements which is found in the Price Patent." Ibid. at 393, 90 S.Ct. 305. In the case at bar, all of the essential elements are found in the prior art. The claim of patentability rests on the fact that the prior art does not disclose the combinations of the prior art made by Rutter.

Two recent decisions of the Supreme Court have considered the patentability of new combinations of old elements. *Dann v. Johnston,* 425 U.S. 219, 96 S.Ct. 1393, 47 L.Ed.2d 692, was concerned with a patent described as a "machine system for automatic record keeping of bank checks and deposits." The Court of Customs and Patent Appeals after pointing out various features of the prior art and the patent specifications held that the patent was not void for obviousness. *Application of Johnston,* CCPA, 502 F.2d 765, 771–772. The Supreme Court reversed, saying, 425 U.S. at 230, 96 S.Ct. at 1399:

"But the mere existence of differences between the prior art and invention does

not establish the invention's nonobviousness. The gap between the prior art and the respondent's system is simply not so great as to render the system nonobvious to one reasonably skilled in the art." (Footnote omitted.)

*Sakraida v. Ag Pro, Inc.,* 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 1532, was concerned with a patent covering a water flush system to remove cow manure from the floor of a dairy barn. The district court had held that the patent did not meet the test of nonobviousness, and supported its holding by specific facts pertaining to the claimed invention and prior art. The court of appeals reversed, *Ag Pro, Inc. v. Sakraida,* 5 Cir., 474 F.2d 167, and 512 F.2d 141, saying, 474 F.2d at 173, that "[a]lthough the [Patent Holder's] flush system does not embrace a complicated technical improvement, it does achieve a synergistic result through a novel combination." The Supreme Court agreed with the district court and held the patent invalid. The Court said, *Sakraida v. Ag Pro, Inc.,* 425 U.S. 282, 96 S.Ct. at 1537:

> "This patent simply arranges old elements with each performing the same function it had been known to perform, although perhaps producing a more striking result than in previous combinations. Such combinations are not patentable under standards appropriate for a combination patent."

There is no essential difference between the case at bar and either *Dann v. Johnston* or *Sakraida v. Ag Pro.* Each involves a combination of old elements. The putting together of a movable and pivotal frame within a recess with pontoons having means for the introduction and release of air and with provision for guiding the movement of the frame "though perhaps a matter of great convenience did not produce a 'new or different function' * * *." *Anderson's —Black Rock v. Pavement Salvage Co.,* 396 U.S. at 60, 90 S.Ct. at 307, citing *Lincoln Co. v. Stewart-Warner Corp.,* 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008. See also *Sakraida v. Ag Pro,* 425 U.S. at 282, 96 S.Ct. 1532. *Dann v. Johnston* says that one granted the benefit of a patent monopoly is charged with an awareness of the existing technology. 425 U.S. at 229, 96 S.Ct. 1393.

■ An appellate court is bound by the trial court's findings of fact relating to obviousness unless they are rejected under the clearly erroneous rule. We accept the trial court's findings on the elements of Rutter's claimed invention and as to the scope and content of the prior art. We are not bound by its conclusion of law that the Rutter device was not obvious to one skilled in the art. The old elements used by Rutter, operating either separately or in combination, do not perform or produce a new or different function. *Sakraida v. Ag Pro,* 425 U.S. 282, 96 S.Ct. 1532. The gap between the prior art and Rutter's device is not such as to render the device nonobvious to one reasonably skilled in the art. *Dann v. Johnston,* 425 U.S. 230, 96 S.Ct. 1393. The Rutter Patent is invalid because at the time the invention was made, the subject matter as a whole would have been obvious to one having ordinary skill in the art. 35 U.S.C. § 103.

Reversed and remanded with direction to enter judgment for the defendant.