ASTRO MUSIC, INC., a California Corporation, Plaintiff-Appellant,

v.

Richard EASTHAM and Betty Jean Eastham, d/b/a Veda Enterprises, Defendants-Appellees.

No. 75–1759.

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1977.

William H. Pavitt, Jr., Los Angeles, Cal., for plaintiff-appellant.

Robert W. Fulwider, Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS, TUTTLE,* and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Astro Music, Inc. appeals from the judgment of the district court that its patent on a guitar string-changing device was invalid and that defendants Richard and Betty Jean Eastham were not guilty of unfair competition. We affirm.

## I. *The Validity of the Patent*

Astro Music's patented device is a crank for tightening and loosening guitar strings which is also fitted with a slot for removing the pegs anchoring the strings to the bridge of the instrument. The slot also serves to accommodate larger tuning pegs in the tightening and loosening process. Neither the slotted peg-removing tool nor the crank were invented by Astro Music; its patent is based upon the combining of these two previously separate tools into one. The district court found that the patent was invalid because the device failed the test of nonobviousness of 35 U.S.C. § 103.[1] Although the ultimate question of patent validity is one of law, the § 103 requirement is heavily infused with factual determinations. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). The district judge's conclusion on this issue therefore must remain undisturbed unless he incorrectly understood or applied the § 103 requirement of nonobviousness or unless his underlying findings of fact are clearly erroneous. Fed.R.Civ.P. 52(a).

---

* Honorable Elbert Parr Tuttle, United States Circuit Judge, Fifth Circuit, sitting by designation.

1. Section 103 provides that "[a] patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

 The district court found from the evidence that the slotted guitar string crank merely combined two tools well known in the prior art, that "[n]either the crank nor the slot performs any function other than, or different from, its old and expected function," and that "[n]o new or unexpected result is obtained." We find nothing in the record to suggest that these findings are in error. Indeed, in its brief Astro Music itself does not appear to argue that its device really accomplishes more than making it possible to use "a single tool . . . to change a guitar string, rather than two tools as always previously required."

The conclusion that the mere combination of devices well known in the prior art fails the nonobviousness test of § 103 finds solid support in the case law of both the Supreme Court and this circuit. In *Anderson's-Black Rock, Inc. v. Pavement Salvage Co., Inc.*, 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969), the Supreme Court noted that "while the combination of old elements [may perform] a useful function, [if] it add[s] nothing to the nature and quality" of previously known devices, the nonobviousness required for patentability is not present. 396 U.S. at 62, 90 S.Ct. at 308. *See also Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976). Elsewhere the Court has made it clear that "only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable." There should be "unusual or surprising consequences" arising from the combination. *Great Atlantic & Pacific Tea Co. v. Super-Market Equip. Corp.*, 340 U.S. 147, 152, 71 S.Ct. 127, 95 L.Ed. 162 (1950).

These same principles have been consistently applied in the decisions of this court. *Bada Co. v. Montgomery Ward & Co.*, 426 F.2d 8, 10–11 (9th Cir.), *cert. denied*, 400 U.S. 916, 91 S.Ct. 174, 27 L.Ed.2d 155 (1970); *Bentley v. Sunset House Distributing Corp.*, 359 F.2d 140, 143–45 (9th Cir. 1966). The district judge correctly understood and applied the requirements of § 103 when he concluded that Astro Music's patent was invalid on grounds of obviousness.

Astro Music also asks us to review the ruling of the district court that the patent was invalid for lack of novelty under 35 U.S.C. § 102. Because we hold that the patent was invalid under § 103, however, we need not reach this issue.

II. *The Unfair Competition Claim*

 Astro Music appeals from the district court's ruling that defendants were not liable for unfair competition. The gravamen of the unfair competition charge is that Richard Eastham committed a trade libel when he broke one of Astro Music's cranks by applying to it more pressure than would be imposed during normal use, then proceeded to display the broken crank to Astro Music's customers.

Under California law,[2] special damages must be proven as a condition to recovery in a trade libel action. *Erlich v. Etner*, 224 Cal.App.2d 69, 73–74, 36 Cal.Rptr. 256 (1964). The district court found that Astro Music had failed to produce any evidence that Eastham's conduct injured Astro Music's business. While Astro Music points to evidence in the record that Eastham did break and display the crank and that business subsequently declined, it has not produced any evidence that the two were causally connected. Astro Music thus has failed

2. There was no independent basis for federal jurisdiction over the unfair competition claim. But since it was brought with and related to the federal patent action, the district court had "pendent jurisdiction" to hear it. *See United Mine Workers v. Gibb*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Klaus v. Hi-Shear Corp.*, 528 F.2d 225, 231 (9th Cir. 1975); *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F.Supp. 591, 594–95 (D.Pa.1968), *rev'd*, 464 F.2d 48 (3d Cir. 1972). State law provides the rule of decision in this setting. *United Mine Workers v. Gibb*, *supra*, 383 U.S. at 726, 86 S.Ct. 1130; *Kemart Corp. v. Printing Arts Research Laboratories, Inc.*, 269 F.2d 375, 389–90 (9th Cir.), *cert. denied*, 361 U.S. 893, 80 S.Ct. 197, 4 L.Ed.2d 151 (1959). Since both parties are domiciled in California and all relevant conduct apparently took place within that state, no choice of law problem is presented, and California law clearly applies.

to prove special damages, an essential element of the trade libel action. Thus, the district court was correct in holding against Astro Music on its unfair competition claim.

AFFIRMED.