549 F.2d 833
 193 U.S.P.Q. 8
 ST. REGIS PAPER COMPANY, Plaintiff-Appellee,
v.
BEMIS COMPANY, INC., Defendant-Appellant.
 No. 76-1044.
 United States Court of Appeals,
Seventh Circuit.
 Heard June 16, 1976.
Decided Feb. 3, 1977.
 
 Irving Powers, John K. Roedel, Jr., St. Louis, Mo., for appellant.
 Raymond J. McElhannon, Norman H. Zivin, Clyde H. Haynes, New York City, William T. Rifkin, Chicago, Ill., for appellee.
 Before SWYGERT, CUMMINGS and PELL, Circuit Judges.
 SWYGERT, Circuit Judge.
 
 
 1
 The outcome of this appeal turns on the validity of United States patent 3,650,460 and reissue patents 28,317 and 28,318. All three patents claim the invention of specialized bags which prevent leaking and sifting better than previously existing bags. We do not find the bags to be nonobvious within the meaning of 35 U.S.C. § 103, and therefore reverse the judgment of the district court which held the patents valid.
 
 
 2
 * The subject of patent 3,650,460 (hereinafter the "Lokey" patent) is best described by reference to Figure 1.
 
 A-1
 
 3
 Fig. 1.
 
 
 4
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 5
 It is a bag of tubular form consisting of several contiguous layers of flexible sheet material, such as paper. The bag is creased to provide a bellows effect so that it will lie flat until filled. Each of the panels formed by the crease is called a "gusset." The rear surface of the bag is longer at the top than the front surface, allowing the rear surface to be folded over and glued to the front surface, thereby closing the top of the bag. The bag is closed at the bottom in the same manner,* and is therefore a "pinch bottom" bag.
 
 
 6
 The front gusset panel or portion of each bag is longer than the front surface of the bag. The rear gusset panel is correspondingly longer than the front gusset panel, and the rear of the bag is longer than the rear gusset panel. Accordingly, the parties referred to the Lokey bag as a "three-step" bag. The three-step nature of the bag allows for better sealing, because the top of each gusset panel, as well as the top of the rear of the bag, can be glued to the front of the bag.
 
 
 7
 The reissue patents (hereinafter "Goodrich '317" and "Goodrich '318") cover refinements of the Lokey bag. In '317, the layers of the bag are cut flush with each other at the top of the gusset panels, but are ascendingly stepped at the top of the front and rear surfaces. See Figure 3. In '318, the layers are stepped both at the top of the front and rear surfaces, and at the top of the gusset panels. See Figure 4.
 
 A-2
 
 8
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLEThe stepping of the layers allows each layer to be individually attached to the front surface when the bag is closed, further preventing leaking or sifting. Compare Figure 5 (Lokey patent flush cut layers) with Figure 6 (Goodrich '318 reissue patent each layer stepped). In addition, both reissue patents call for the bag end to be sealed by a preapplied reactivatable bonding agent known as hot melt adhesive rather than by the application of glue after the bag is filled.
 
 A-3
 
 9
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLEA-4
 
 
 10
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 11
 Appellee St. Regis is the owner of the Lokey patent and was the owner of Goodrich and Waxlax United States patents 3,687,356 and 3,776,451, which incorporated improvements on the Lokey patent. It filed suit against appellant Bemis for infringement of those patents on April 9, 1973. At the close of trial, the Goodrich reissue patents '317 and '318 were substituted for the original Goodrich and Waxlax patents. The district court entered a decision holding all three patents valid and infringed on November 12, 1975. Bemis now appeals from that decision, contending both that the patents are invalid because they were obvious extensions of the prior art and that St. Regis should be estopped from bringing an infringement action because the Patent Office was not fully informed about the prior art when it granted the patents. Because of our resolution of the first issue, we do not reach the second.
 
 II
 
 12
 35 U.S.C. § 103 states that "a patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." The Supreme Court has held that section 103 was intended to codify the requirement of nonobviousness that had been formulated by courts beginning with Hotchkiss v. Greenwood, 52 U.S. (11 How.) 248, 13 L.Ed. 683 (1851). Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). These courts have refused to uphold the validity of a patent if "the improvement is the work of the skilful mechanic, not that of the inventor." Hotchkiss, 52 U.S. (11 How.) at 267, 13 L.Ed. 683.
 
 
 13
 Moreover, the Supreme Court has recently indicated that section 103 cannot easily be satisfied by inventions that rearrange old elements in new combinations with each element performing the same function it performed in the prior art, even though the new combination produces a more striking result than the old ones. Sakraida v. Ag Pro, Inc., 425 U.S. 273, 282, 96 S.Ct. 1532, 1537, 47 L.Ed.2d 784 (1976). Unless the combination is "synergistic, that is, 'result(ing) in an effect greater than the sum of the several effects taken separately,' " it cannot be patented. Id., citing Anderson's Black Rock v. Pavement Co., 396 U.S. 57, 61, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969).
 
 III
 
 14
 It is with these considerations in mind that we must determine whether the three patents at issue are valid. We note that under 35 U.S.C. § 282 an issued patent is to be presumed valid. The district court relied heavily on this presumption in upholding the validity of the three patents. However, this presumption is rebuttable rather than conclusive. It cannot stand in the face of compelling contrary facts. See, e. g., American Infra-Red Radiant Co. v. Lambert Industries, Inc., 360 F.2d 977, 989 (8th Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966); Groen v. General Foods Corp., 402 F.2d 708, 711 n. 2 (9th Cir. 1968). The question of patent validity is ultimately one of law and we must examine the facts ourselves in determining whether the standard of section 103 has been met. See Graham v. John Deere Co., 383 U.S. at 17-18, 86 S.Ct. 684.
 
 A. THE LOKEY PATENT
 
 15
 The Lokey bag consists of four elements: (1) it has gussets; (2) it uses a pinch bottom; (3) it has the three-step feature at the top and bottom; and (4) it has multiple layers. Bemis argues that Poppe patent 2,209,901, issued by the Patent Office in 1940, incorporates a bag with the first three elements of the Lokey bag. An examination of the Poppe patent shows that this claim is correct. See Appendix A.
 
 
 16
 Bemis has further demonstrated that the fourth element of the Lokey bag, its use of multiple layers to achieve the effect of many bags within one, has been known in the bag industry for many years. In fact, St. Regis admitted during the course of litigation that it has sold gusseted multiwall bags in the United States since the early 1930's.
 
 
 17
 Therefore, the Lokey bag is only entitled to a patent if the fusion of the old elements that comprised the Poppe patent and the old element of multiple layering created a synergistic combination. We hold that it did not do so. While the addition of multiple plies to the concept of the Poppe bag undoubtedly made it stronger and even may have been necessary to make this type of bag commercially feasible, it is not the type of innovation for which a patent monopoly is to be granted. It is difficult to conceive of a more obvious method of strengthening a certain type of bag than putting one bag inside of another.
 
 
 18
 St. Regis asserts that the Poppe patent should not be accepted as prior art because the method for manufacturing the Poppe bag suggested in that patent was unworkable. We disagree. Whether the method of construction suggested by the Poppe patent was unworkable is irrelevant to the resolution of this case. Poppe patented a bag, not a method for manufacturing that bag, and the finished product disclosed in the Poppe patent constitutes prior art which must be compared with the Lokey patent to determine whether the Lokey bag was a nonobvious advance.
 
 B. THE GOODRICH REISSUE PATENTS
 
 19
 The two features of the Goodrich '317 and '318 patents that distinguish them from the Lokey patent are the progressive stepping of the plies and the use of hot melt adhesive. We hold that neither element is sufficiently nonobvious to sustain the validity of the reissue patents under section 103.
 
 
 20
 The concept of stepping the plies of a multilayered bag is revealed in Windm oller and H olscher French patent 1,227,176. See Appendix B. While the Windm oller bag was not gusseted and did not call for the stepping of all of the plies, the transition from the Windm oller bag to one which was gusseted and had all of the plies stepped was not a difficult one for one skilled in the art of manufacturing bags. Moreover, the transition from the Lokey bag to the reissue bags would not have required great inventive flair for a person skilled in the art. The stepping of all of the plies was the work of a skillful mechanic rather than an inventor, and therefore their incorporation in the reissue bags is not entitled to patent protection under the standard of Hotchkiss v. Greenwood.
 
 
 21
 Similarly, the use of hot melt adhesive in the reissue bags did not create a synergistic combination. As St. Regis admitted at oral argument, hot melt adhesive is well known in the art, and its use in place of glue did not transform Goodrich '317 and '318 into concepts which had effects greater than the sum of the effects produced by the old elements on which they were based.
 
 
 22
 The judgment of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.
 
 APPENDIX A
 
 23
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 DEFENDANT'S EXHIBIT 29
 
 24
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLENOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 APPENDIX B
 
 25
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 26
 PELL, Circuit Judge, dissenting.
 
 
 27
 The multiple and complex issues presented by this appeal were painstakingly and critically addressed and disposed of by the district court in arriving at the conclusion that the patents in issue were valid and infringed. St Regis Paper Company v. Bemis Company, Inc., 403 F.Supp. 776 (S.D.Ill.1975). I am satisfied that not only were the district court's findings of fact not clearly erroneous but that the district court reached the correct result for substantially the correct reasons. I therefore would adopt that opinion as the opinion of this court. I therefore respectfully dissent.
 
 
 28
 I must add it strikes me that an unfortunate result of the majority opinion may well be to chill truly inventive combinations which should be as much entitled to patent protection as are the increasingly rare completely "new under the sun" inventions.
 
 
 
 *
 At the bottom of the bag the front surface is longer than the rear surface so that closure is achieved by folding the front surface over the rear surface. See Figure 1