Lloyd S. TURNER, Plaintiff,

v.

MONTGOMERY WARD & CO. et al., Defendants.

No. 79–CIV–789.

United States District Court, E.D. New York.

Oct. 28, 1982.

Danziger, Bangser, Klipstein, Goldsmith & Greenwald, New York City, for defendants.

Myron Cohen, Martin B. Pavane, Hubbell, Cohen, Stiefel & Gross, New York City, for plaintiff.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

This action is based upon a suit alleging infringement of United States Patent No. 3,690,495 (*"Turner '495"*) by the defendant. The suit patent relates to a child-resistant closure for containers.

Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The single ground upon which defendant bases its motion is that the patent in suit is invalid as being directed to obvious subject matter under 35 U.S.C. § 103. For the reasons set forth below, the defendant's motion is hereby granted.

*Turner '495* is a child-resistant closure for bottles of medicines, poisons and other potentially harmful substances. It has two

components; an inner screw-cap and an enveloping outer-cover. The mechanical interaction of these two components must perform two distinct functions in order for the closure to effectuate its purpose of restricting access to the substances within the container, thereby rendering it child-resistant. These two functions are as follows:

1) A clutching mechanism, which when engaged, allows the inner-cap and outer-cover to turn together, and when disengaged will prevent the inner-cap from turning despite the turning of the outer-cover.

2) A biasing function, which maintains the two components in a disengaged condition when the closure is in its "at rest" position.

The biasing function allows engagement of the clutching mechanism only when the closure is operated in the correct (child-proof) manner. This requires the simultaneous application of downward force (to overcome the biasing function, thus causing the clutching mechanism to engage) and counter-clockwise rotation of the closure which unscrews the inner-cap which is secured to the neck of the container by conventional threading.

The biasing function of *Turner '495* is accomplished by the use of camming action, that is, the counter-clockwise rotation of the closure causes the outer-cover to rise upward to a position where it disengages, thus rotating freely relative to the inner-cap. Therefore, to unscrew the closure, simultaneous downward pressure and counter-clockwise rotation must be exerted to overcome the camming action.

The only aspect of *Turner '495* which was deemed patentable by the patent office, was its use of a band of parallel diagonal ridges ("knurling") around the top portion of the outer side wall of the inner-cap and a corresponding band of inward protrusions along the inner wall of the outer-cover. The engagement of the inner-cap's knurling and outer-cover's inward protrusions, provides the clutching mechanism. The diagonal grooves of *Turner '495* provide the camming action necessary to the biasing function. The plaintiff in this action, alleges that the use of diagonal surfaces to create the camming action was a novel and unobvious discovery. This court disagrees.

## Doctrine of Obviousness

The defendant, pursuant to 35 U.S.C. § 103, contends that the patent awarded *Turner '495* is invalid as being directed to obvious subject matter. 35 U.S.C. § 103 reads in pertinent part:

A patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art which said subject matter pertains.

The ultimate question of obviousness is one of law, *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), "and is to be determined after several factual inquiries have been made." *Shackleton v. Kaufman Iron Works, Inc.*, 689 F.2d 334 (2d Cir.1982); *citing Sakraida v. Ag Pro Inc.*, 425 U.S. 273, 280, 96 S.Ct. 1532, 1536, 47 L.Ed.2d 784 (1976) ("*Sakraida*"). The factual inquiries include:

1) The scope and content of the prior art;

2) The differences between the prior art and the claims at issue;

3) The level of ordinary skill in the pertinent art.

*Graham v. John Deere Co., supra,* 383 U.S. at 17, 86 S.Ct. at 693.[1]

---

1. Additionally, several secondary considerations, such as "commercial success, long-felt but unsolved need, failure of others, etc., *might* be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented." *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966). These secondary considerations are used to "tip the scales in favor of patentability," only in a *close case,* in which application of the criteria of non-obviousness in § 103 fails to produce a firm conclusion. *Digitronics Corp. v. New York Racing Ass'n., Inc.,* 553 F.2d 740 (2d Cir.) *cert. denied,* 434 U.S. 860, 98 S.Ct. 187, 54 L.Ed.2d 133 (1977); *see Goodyear Tire & Rubber Co., Inc. v. Ray-O-Vac*

### Presumption of Validity

■ In opposition to defendant's motion, plaintiff asserts that as the holder of a duly issued United States patent, he is entitled to the benefit of 35 U.S.C. § 282, which states that patents are presumed valid. That presumption, however, is not conclusive, *Republic Industries, Inc. v. Schlage Lock Co.*, 592 F.2d 963, 972 (7th Cir.1979) ("*Republic*"); *St. Regis Paper Co. v. Bemis Co., Inc.*, 549 F.2d 833, 838 (7th Cir.) *cert. denied*, 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94 (1977); it merely shifts the burden to the party attacking the validity of the patent. *Nippon Elec. Glass Co., Ltd. v. Sheldon*, 539 F.Supp. 542 (S.D.N.Y.1982). Furthermore, the presumption is diluted by evidence of prior art *not before* the Patent Office. *Republic, supra* at 973; *see Pate Co. v. RPS Corp.*, 685 F.2d 1019, 1023 (7th Cir.1982). "Even one prior art reference not considered by the patent office can suffice to overthrow the presumption." *Id.* at 1023; *Henry Manufacturing Co., Inc. v. Commercial Filters Corp.*, 489 F.2d 1008, 1013 (7th Cir.1972); *Bussemer v. Artwire Creations, Inc.*, 231 F.Supp. 798, 801 (S.D.N.Y.1964) ("*Bussemer*"); *see Laka v. Columbia Pen & Pencil Co.*, 224 F.Supp. 741 (E.D.N.Y.) *aff'd*, 324 F.2d 179 (2d Cir.1963) (per curiam).

■ The prior patents relied upon by the defendant include U.S. Patent No. 3,622,027, issued to Maki ("*Maki*"), U.S. Patent No. 3,472,411, issued to plaintiff Turner ("*Turner '411*") and U.S. Patent No. 3,669,294, issued to Petronelli ("*Petronelli*"). Significantly, no mention is made in the file history of the patent in suit of the *Petronelli* device. It is clear that the *Petronelli* device, the most pertinent of the prior art in this field, was not considered by the Patent Office when it awarded the *Turner '495* patent. Because this essential element of the prior art was not considered by the Patent Office the presumption of validity of the patent in suit is thus rebutted. *See Bussemer, supra,* 231 F.Supp. at 803.

### Combination Patent Issue

■ In its attack upon the validity of the *Turner '495* patent as being directed to obvious subject matter, defendant asserts the claim that *Turner '495* is a "combination patent", that is a combination of old elements. In *A & P Tea Co. v. Supermarket Corp.*, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950) ("*A & P Tea Co.*"), the Supreme Court stated the "[c]ourts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements." *Id.* at 152, 71 S.Ct. at 130. *See Sakraida, supra,* 425 U.S. at 281, 96 S.Ct. at 1537; *Koppers Co., Inc. v. S & S Corrugated Paper Mach. Co., Inc.*, 517 F.2d 1182 (2d Cir.1975) ("*Koppers*"). While a combination patent *is* patentable, it must contain "unusual or suprising consequences" and stand up to the "rather severe test" of obviousness. *A & P Tea Co. supra,* 340 U.S. at 152, 71 S.Ct. at 130; *Koppers, supra,* 517 F.2d at 1189; *see Penn Intern. Industries v. Pennington Corp.*, 583 F.2d 1078, 1081 (9th Cir.1978) ("*Penn*"). Plaintiff contends that *Turner '495* is not a combination patent, since it contains new elements. The "new elements" upon which plaintiff relies are the diagonal knurling on the inner-cap and the complimentary structure of inward protrusions on the inside of the outer-cover. It is clear upon inspection of the patent in suit and the prior art as disclosed in *Maki, Turner '411,* and *Petronelli,* that *Turner '495* is a combination patent and that each step in its development was demonstrable in the prior art.

### The Maki Patent

The *Maki* device consists of a screw-on inner-cap with a band of vertical knurling on its outer wall and an outer-cover with corresponding band of vertical knurling on

---

Co., 321 U.S. 275, 279, 64 S.Ct. 593, 594, 88 L.Ed. 721 (1944). *Compare U.S. Phillips Corp. v. National Micronetics, Inc.*, 550 F.2d 716 (2d Cir.) *cert. denied*, 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 131 (secondary considerations evaluated because claim not obvious). In the present action, the evidence is clear that this is not a "close case," requiring the examination of secondary considerations.

its inner wall. Thus *Maki* demonstrated that interlocking grooves on the outside of the inner-cap and the inside of the outer-cover could be utilized as a clutching mechanism. The knurling of *Turner '495* differs from that of *Maki* only in orientation. While *Maki's* knurling is vertical, the *Turner '495* device uses knurling that are tilted 30° from the vertical to a diagonal orientation. The camming action which results from the diagonal knurling on *Turner '495* is absent in the *Maki* device.

*The Turner '411 Patent*

*Turner '411* is still another variety of child-resistant closure consisting of an inner-cap and an outer-rotatable cover. *Turner '411* contains inward protrusions on the underside surface of the outer-cover member, and corresponding indentations on the top of the inner-cap. When pressed together, these interlock and perform the clutching function. The protrusions on the inside of the outer cover of *Turner '411* are identical to those of *Turner '495,* differing only in location. In addition, the clutching function of *Turner '495* is merely a composite which incorporates the grooves of *Maki* and the protrusions of *Turner '411.* Like *Turner '495* and unlike *Maki, Turner '411* utilizes inclined or diagonal surfaces on the cap to perform the biasing function. Both *Turner '411* and *Turner '495* accomplish the biasing function in the same manner, i.e. by use of slanted edges, defined by knurling or surfaces.

*The Petronelli Patent*

The *Petronelli* patent was not considered by the Patent Office. Like the aforementioned patents herein, the *Petronelli* device consists of a screw-on inner-cap and a cover member. Like *Turner '411* and *Turner '495,* the *Petronelli* device makes use of complimentary inclined surfaces, consisting of rising and falling edges running along the outside of the inner-cap and the inside of the outer-cover. These surfaces produce a camming action when rotated with respect to each other, causing the outer-cover to move upward and out of engagement with the inner-cap, thereby accomplishing biasing. Thus, the use of inclined surfaces to create camming action and produce the biasing function of *Turner '495* was merely an adaptation of *Turner '411* and *Petronelli.*

It is clear that the Maki device discloses all the elements of *Turner '495* except that, while *Maki* uses vertical knurling, *Turner '495* utilizes diagonal knurling. The plaintiff's claim that the knurling and protrusions on *Turner '495* are unique in that they allow the device to simultaneously accomplish both clutching and biasing is without merit. *Turner '411* uses inclined surfaces to accomplish biasing, and protrusions and indentations to accomplish clutching. *Petronelli* however, accomplishes clutching and biasing with the same mechanism. The complimentary inclined surfaces of *Petronelli* which provide biasing by generating camming action, were designed with edges that interlock and also function as a clutch when sufficient downward pressure is applied to overcome camming. Thus, *Petronelli* first perceived that inclined surfaces could be employed for both clutching and biasing. Essentially, *Turner '495* differs from *Petronelli* only in that *Turner '495* defines its sloping surfaces as knurlings. *Maki,* however, uses knurlings to define a clutch. All that would be required then, to "create" *Turner '495,* would be a modification of the *Maki* clutch by slanting the knurlings in order to achieve the combined results expressed in *Petronelli.*

Thus *Turner '495* clearly is a combination of elements of the prior art. Furthermore, the evidence concerning the prior art and the patent in suit, indicates that *Turner '495* fails the rather severe test of non-obviousness applied to combination patents and is therefore invalid.

*Level of Ordinary Skill in the Pertinent Art*

In determining the level of skill in the pertinent art, the court must look to a hypothetical worker in the industry who is attempting to solve the problem which the inventor addressed by means of the patented devise. *Lang v. Prescon Corp.,* 545 F.Supp. 933 (D. Delaware 1982). This court is convinced that *Turner '495* is merely a design adaptation that would be intuitively

obvious to one with ordinary skill in the art who examined *Maki, Turner '411* and *Petronelli.* The plaintiff merely selected various components of the prior devices and formed a combination in which each component performs its function in precisely the same manner in which it operated in the prior art. As such, *Turner '495* fails the test set forth in *Sakraida, supra,* 425 U.S. at 282, 96 S.Ct. at 1537, where the Supreme Court held that "where a patent arranges old elements with each performing the same function it had been known to perform, it is invalid, *even where a more striking result is produced then in previous combinations.*" (emphasis added) Here, it is clear that the result of combining old elements which perform in the same manner as they did in the previous art, is anything but striking. Therefore, there can be no doubt that the patent is invalid for obviousness under 35 U.S.C. § 103.

*Appropriateness of Summary Judgment*

■ Plaintiff argues that the issue of obviousness includes a plurality of material issues of fact, and that the defendant has not met the burden of showing that no issue of material fact remains for trial. This court disagrees. There is no dispute as to either the teachings of the prior art or the structure of the suit patent. Where, as here, the court can understand the prior art and the patent claim without the aid of expert testimony, summary judgment is proper. *See Schutt Mfg. Co. v. Riddell, Inc.,* 673 F.2d 202, 205 (7th Cir.1982), *Penn, supra,* 583 F.2d at 1082; *C-Thru Products, Inc. v. Uniflex, Inc.,* 397 F.2d 952 (2d Cir. 1968); *Monaplastics, Inc. v. Caldor, Inc.,* 378 F.2d 20 (2d Cir.1967).

*Conclusion*

This court finds that the patent in suit is directed to obvious subject matter and is therefore invalid pursuant to 35 U.S.C. § 103. Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is thus granted.

So Ordered.