**PLASTIC CONTAINER CORPORATION,
Plaintiff-Appellant,**

v.

**CONTINENTAL PLASTICS OF OKLA-
HOMA, INC., Defendant-Appellee.**

**No. 81–1484.**

United States Court of Appeals,
Tenth Circuit.

June 6, 1983.

---

Walter D. Ames of Watson, Cole, Grindle & Watson, Washington, D.C. (Thomas J. Greer, Jr., Arlington, Va., and James A. Peabody, Oklahoma City, Okl., with him on briefs), for plaintiff-appellant.

William R. Laney (E. Harrison Gilbert, III, Oklahoma City, Okl., with him on brief) of Laney, Dougherty, Hessin & Beavers, Oklahoma City, Okl., for defendant-appellee.

Before BARRETT, McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

Plastic Container Corporation ("Plastic") sued Continental Plastics of Oklahoma, Inc. ("Continental"), claiming infringement of Plastic's patent on a "child-resistant" medicine container. The district court found Plastic's patent invalid and awarded attorneys' fees to Continental. Plastic appeals from the district court decision.

I

Plastic's patent[1] describes a medicine container used by pharmacists to dispense capsules and tablets. The container consists of three plastic pieces: a cylindrical vial, a safety plug, and an external cap.[2] The plug fits into the open end of the vial, much like a cork fits into a bottle. The

---

1. The patent is entitled "Safety Medicine Bottle Closure," U.S. Reissue Patent No. 28,861. The patent is a reissue of U.S. Patent No. 3,473,681 to Samuel Hall, Jr.

2. A diagram of the container is shown in *Plastic Container Corp. v. Continental Plastics of Okla., Inc.*, 607 F.2d 885, 890 (10th Cir.1979).

external cap snaps over the mouth of the vial, covering the safety plug and providing a second closure. In addition, the cap serves as a "key" for removing the safety plug. The key consists of a thumb tab that protrudes from the side of the cap. It fits into a corresponding slot in the center of the plug. The container is opened by pushing on the thumb tab to remove the cap and then inserting the tab into the slot of the plug and prying the plug from the mouth of the vial.[3] This design is intended to prevent access to the contents of the medicine vial by small children; the manipulations necessary to open the container are presumably too complex for children to master. Plastic claims that the design is particularly useful because the vial and the cap can be employed together without the plug to provide a non-child-resistant container. Thus, a pharmacist need stock only three simple components to provide his customers with both child-resistant and non-child-resistant medicine containers.

Plastic's medicine container has produced extensive litigation. Plastic first sued Continental in 1972 for infringement of the patent. The district court found the patent invalid, concluding that various claims of the patent were anticipated by prior art, were obvious, or were stated with insufficient specificity. *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.,* Civil Action No. 72–825 (W.D.Okl. Dec. 13, 1973). We affirmed this decision in an unpublished opinion, and stated as follows:

> We have considered Plastic's contention raised in its reply brief that the "prior art fails to show an element that functions both as a key which enters a key recess and as a thumb abutment." We agree. However, such an element, i.e., an abutment functioning as a key and a thumb tab, was never claimed.

*Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.,* No. 74–1123, slip op. at 7 (10th Cir. Oct. 30, 1974).

Relying on this statement, Plastic returned to the Patent and Trademark Office (the "PTO") and filed an application for reissue of the patent. In this application, Plastic specifically described the dual function of the thumb tab. The PTO reissued the patent with the addition of this description and Plastic reinstituted a patent suit against Continental. The district court granted without opinion Continental's motion for summary judgment and assessed attorneys' fees against Plastic. Plastic appealed to this court. We concluded that the district court improperly granted Continental's motion for summary judgment and attorneys' fees. *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.,* 607

---

3. Claims 5 and 8 of the reissued patent describe the medicine container as follows:

5. The safety container closure of claim 1 wherein said external closure cap is provided with a peripheral skirt, the lowermost part of said skirt carrying said key, the interior of said skirt carrying an annular bead which snaps over a complementary bead around an outer periphery of the container opening, whereby the key carried by the external cap functions as a tab against which the thumb is pressed in a generally upward direction to remove the external cap from the container and functions additionally as a key for cooperation with the key recess of the internal closure to thereby permit the internal closure to be removed from its position within the opening of the container.

8. A safety container closure assembly including,

(a) a container having an opening,

(b) an internal closure in the form of a plug positioned within said opening, said closure having a key recess therein,

(c) an outer closure in the form of an external cap positioned over said opening,

(d) said external cap having a skirt integral therewith and depending from the top of said cap, the interior of said skirt carrying an annular bead which snaps over a complementary bead on the outer periphery of container opening,

(e) a combination thumb abutment-key integral with and extending substantially horizontally outwardly from said skirt at the lower portion of the skirt, said thumb abutment-key functioning as a tab against which the thumb is pressed in a generally upwardly direction to remove the said external cap from the container and functioning additionally as a key for cooperation with the said key recess of said internal closure to thereby permit said internal closure to be removed from its position within the opening of said container.

F.2d 885 (10th Cir.1979), *cert. denied,* 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980). We determined that Continental's product infringed upon claims made in Plastic's reissued patent. However, we remanded the case to the district court for further examination of the patent's validity. In particular, we said,

> Plastic correctly states that the Hall Reissue claims are presumed valid (35 U.S.C. § 282); and this is particularly so where the PTO considered all of the prior art before the courts in the previous litigation. *See Scaramucci v. Dresser Industries, Inc.,* 427 F.2d 1309, 1313, 165 U.S. P.Q. 759, 762–63 (10th Cir.1970). Nevertheless, Continental should have an opportunity to show the obviousness of the Hall Reissue claims by presenting to the district court additional prior art (not before the PTO) which it considers pertinent. *See Solder Removal Co. v. United States International Trade Commission,* 582 F.2d 628, 632, 199 U.S.P.Q. 129, 133 (Cust. & Pat.App. 1978). The obviousness or nonobviousness of the Hall Reissue claims can then be determined in accordance with the analytical guidelines established by the Supreme Court in *Graham v. John Deere Co.,* [383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)].

607 F.2d at 904 (footnote omitted).[4]

On remand, the district court reconsidered the validity of the reissued patent. *See Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.,* 515 F.Supp. 834 (W.D.Okl.1981). The court examined whether the additional claim of the dual function thumb tab cured the flaws in the original patent. The court found that prior art, not before the PTO, demonstrated the use of a dual function thumb tab in container design. The court concluded that this additional prior art rebutted the presumption of the reissued patent's validity. The court determined that, based on the whole of the prior pertinent art, Plastic's patent was invalid because it was both obvious and anticipated by past invention. The court awarded attorneys' fees to Continental.

## II

Plastic raises three challenges on appeal. First, Plastic claims that the trial court failed to recognize the presumption of validity that attached to the reissued patent. Second, Plastic argues that the trial court erred in its conclusion that the patent was in fact invalid. Third, Plastic asserts that even if the patent was invalid, Continental is not entitled to attorneys' fees.[5]

## A

Section 282 of the Patent Act[6] provides that a patent issued by the PTO "shall be presumed valid" and that "[t]he burden of establishing the invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. Plastic does not dispute that the presumption of validity can be overcome. *See, e.g., Sidewinder Marine, Inc. v. Starbuck Kustom Boats and Products, Inc.,* 597 F.2d 201, 206 (10th Cir.1979). However, Plastic maintains that the presumption can be rebutted only by a showing of prior unconsidered art that is "more pertinent" than any of the art that was before the PTO when it issued the patent.

▮ The presumption of patent validity created by section 282 reflects a respect for the PTO's technical knowledge and expertise in determining when the conditions for patentability have been satisfied. *Sidewinder,* 597 F.2d at 205; *Chicago Rawhide Manufacturing Co. v. Crane Packing Co.,* 523 F.2d 452, 457–58 (7th Cir.1975), *cert. denied,* 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976). The determination of patent validity is nonetheless ultimately a

---

**4.** We also recognized that Continental could raise other challenges to the validity of the reissued patent. 607 F.2d at 905 n. 49.

**5.** Plastic also challenges the district court's formulation of its opinion. We find no legal merit in this claim.

**6.** Pub.L. No. 593, 66 Stat. 792 (1952) (codified as amended at 35 U.S.C. §§ 1–307 (1976 & Supp. V 1981)).

question of law to be decided by the courts. *Graham v. John Deere Co.,* 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966). The PTO's decision to issue a patent is entitled to deference only to the extent that it is based on relevant facts and on correct principles of law. If the PTO failed to consider prior art that is relevant to the determination of patent validity, the basis for according deference vanishes. *Sidewinder,* 597 F.2d at 206. We therefore conclude that when prior unconsidered art reveals a substantial basis for challenging the PTO's decision to issue the patent, the district court must make a fresh assessment of the patent's validity. Such a basis for challenge exists if the PTO overlooked art that is more pertinent than the art that it did consider. *See, e.g., Escoa Fintube Corp. v. Tranter, Inc.,* 631 F.2d 682, 692 (10th Cir. 1980). Likewise, it exists if the PTO overlooked prior art that is less pertinent, but that nevertheless substantially undermines the PTO's decision. The crucial inquiry is not the relative pertinence of the prior unconsidered art; instead, it is whether the unconsidered art leads the court to reasonably question the PTO's decision. If this threshold of doubt is reached, then the court must reassess the patent. In making the reassessment, the court must conduct an independent examination of all pertinent art to determine the patent's validity. *See generally* 2 D. Chisum, Patents § 5.06[2] (1982).

■ In the instant case, the validity of the patent turned on two specific claims that described a dual function thumb tab on the cap of a child-resistant medicine container. *Plastic Container Corp.,* 607 F.2d at 905. Past litigation in the case established that the scope of the relevant prior art included the entire container field rather than simply child-resistant containers. *See Plastic Container Corp.,* Civil Action No. 72–825 (W.D.Okl. Dec. 13, 1973). Continental produced at trial a patent in the general field of container art that claimed a dual function thumb tab.[7] This patent was not considered by the PTO and presented a

substantial challenge to the nonobviousness of the Plastic patent. *See* 35 U.S.C. § 103. It provided a reasonable basis for questioning the PTO's decision to issue the patent. The district court therefore correctly chose to reassess the patent's validity.

B

After examining all of the pertinent prior art, the district court concluded that Plastic's patent was invalid because it was obvious under section 103 of the Patent Act, *see* 35 U.S.C. § 103, and because it was anticipated by prior patents, *see* 35 U.S.C. § 102. We first review the district court's finding that the patent was obvious.

In considering the issue of obviousness, the district court followed the guidelines established by the Supreme Court in *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). It identified the scope and content of the prior art, the differences between the prior art and the claims at issue, and the level of ordinary skill of a person engaged in the pertinent art. *See* 383 U.S. at 17, 86 S.Ct. at 693. Informed by these factual inquiries, the district court concluded that Plastic's container closure assembly would have been obvious to one having ordinary skill in the container art at the time that the assembly was patented.

■ The Tenth Circuit treats the ultimate issue of obviousness as a question of fact subject to the "clearly erroneous" standard of review. *E.g., Lam, Inc. v. Johns-Manville Corp.,* 668 F.2d 462, 469 (10th Cir.), *cert. denied,* 456 U.S. 1007, 102 S.Ct. 2298, 73 L.Ed.2d 1302 (1982); *Central Soya Co. v. George A. Hormel & Co.,* 645 F.2d 847, 850 (10th Cir.1981); *Escoa Fintube Corp. v. Tranter, Inc.,* 631 F.2d 682, 693 (10th Cir. 1980). *But see Rutter v. Williams,* 541 F.2d 878, 881 (10th Cir.1976) ("We are not bound by [the trial court's] conclusion of law that the Rutter device was not obvious to one skilled in the art.") The treatment of obviousness as a question of fact is inconsistent with the overwhelming weight of opinion

---

7. U.S. Patent No. 1,761,597 (Taylor Patent).

from the other circuits.[8] While we recognize this inconsistency, we conclude that this panel is bound by the Tenth Circuit's prior rulings.[9] Accordingly, we review the determination of obviousness as a question of fact subject to the clearly erroneous standard. *See* Fed.R.Civ.P. 52(a).

■ Having examined the briefs, the record, and the prior decisions in this case, we cannot say that the district court's determination of obviousness is clearly wrong. Past litigation established that, absent the claim of a dual function thumb tab, the container closure was obvious. *See Plastic Container Corp.*, 607 F.2d at 895–96. Continental introduced prior art in the container

field that demonstrated the use of a dual function thumb tab, though not functioning in the identical manner or for the identical purpose of Plastic's device.[10] Viewing this art in aggregate with the art that established obviousness in the past litigation, *see Plastic Container Corp.*, 607 F.2d 885, we find the evidence sufficient to support the district court's determination that the device would have been obvious to one with ordinary skill in the art at the time the discovery was made. *See Escoa Fintube,* 631 F.2d at 682. We accordingly affirm the district court's finding of obviousness.[11] Since the patent is invalid for obviousness, we need not decide whether it was anticipated by prior art.[12]

**8.** All of the circuits, except the First and the Tenth, treat the ultimate determination of obviousness as a question of law or a mixed question of law and fact. *E.g., Del Mar Eng'g Laboratories v. Physio-Tronics, Inc.,* 642 F.2d 1167, 1172 (9th Cir.1981); *Dual Mfg. & Eng'g, Inc., v. Burris Indus., Inc.,* 619 F.2d 660, 661, 663 (7th Cir.) (en banc), *cert. denied,* 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980); *Smith v. Acme Gen. Corp.,* 614 F.2d 1086, 1091 (6th Cir.1980); *Control Components, Inc. v. Valtek, Inc.,* 609 F.2d 763, 767–68 (5th Cir.), *cert. denied,* 449 U.S. 1022, 101 S.Ct. 589, 66 L.Ed.2d 484 (1980); *Stevenson v. International Trade Comm'n,* 612 F.2d 546, 549 (C.C.P.A.1979); *Julie Research Laboratories, Inc. v. Guideline Instruments, Inc.,* 501 F.2d 1131, 1135–36 (2d Cir.1974); *Blohm & Voss AG v. Prudential-Grace Lines, Inc.,* 489 F.2d 231, 244–45 (4th Cir.1973), *cert. denied,* 419 U.S. 840, 95 S.Ct. 70, 42 L.Ed.2d 67 (1974); *Hadco Prods., Inc. v. Walter Kidde & Co.,* 462 F.2d 1265, 1268 (3rd Cir.), *cert. denied,* 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972); *Flour City Architectural Metals v. Alpana Aluminum Prods., Inc.,* 454 F.2d 98, 103–06 (8th Cir.1972). *See generally,* 2 D. Chisum, Patents § 5.04[3] (1982 & 1982 Supp.); Annot., 23 A.L.R.Fed. 326 (1975). The First Circuit has stated that "[w]hile 'the ultimate question of patent validity is one of law' ... this court has emphasized the highly factual context of a determination of § 103 obviousness, and the strong deference due to a district court's reasoned judgment on the issue ...." *Scully Signal Co. v. Electronics Corp. of America,* 570 F.2d 355, 359 (1st Cir.1977), *cert. denied,* 436 U.S. 945, 98 S.Ct. 2848, 56 L.Ed.2d 787 (1978).

**9.** The Tenth Circuit rule has been applied in past episodes of this litigation and might be said to represent the law of the case. Moreover, the treatment of obviousness as a question of fact does not change the substantive law in this case; it simply relegates the issue to

determination by the trial court, subject to the "clearly erroneous" standard of review. *See* Fed.R.Civ.P. 52(a).

**10.** The patent Continental introduced to show obviousness claimed a tab on the cap of a milk bottle that functioned as a thumb tab for removing the cap and as a prong to pry out a paper plug from the mouth of the bottle. The tab cannot be precisely described as a "key" and its function was not to limit access to the contents of the container. Nevertheless, this device bears a mechanical similarity to Plastic's device. *See* U.S. Patent No. 1,761,597 (Taylor Patent).

**11.** In concluding that Plastic's device was obvious, the district court seemed to place primary reliance on the mechanical similarity of the device to the aggregate of the prior art, rather than on the ingenuity of the underlying idea. We might question the reliance as a matter of patent policy; however, treating the issue of obviousness as a question of fact, we cannot say that the district court's conclusion is clear error.

**12.** We note that the Tenth Circuit departs from the clear weight of authority in its test for anticipation. Like other circuits, the Tenth Circuit recognizes anticipation where "all of the elements of the invention, or their equivalents, are found in a single structure or description where they do substantially the same work in substantially the same way." *Scaramucci v. Dresser Indus., Inc.,* 427 F.2d 1309, 1314 (10th Cir.1970) (footnote omitted). However, the Tenth Circuit also recognizes anticipation "if the whole of the prior art considered together discloses all of the claimed elements and that no new functional relationship arises from their combination." 427 F.2d at 1314 (footnote omitted). This second test is a departure from

## C

Section 285 of the Patent Act permits the trial court to award attorneys' fees to a prevailing party in "exceptional cases". 35 U.S.C. § 285. Plastic challenges the award of attorneys' fees to Continental, claiming that this is not an exceptional case.

In the prior appeal to this court, we stated that a case is exceptional if there arises "such misconduct on the part of the losing party as to constitute fraud on the patent office or [conduct] so unfair and reckless as to make it unconscionable for the prevailing party to sustain the expense of counsel." *Plastic Container Corp.,* 607 F.2d at 905 (footnote omitted). We reversed the district court's award of attorneys' fees, stating as follows:

> It is apparent from the record that the district court set forth no conclusion of law that this case was "exceptional" within the meaning of section 285; nor did the court make any findings of fact that would support such a conclusion.

> This, coupled with our holdings and conclusions set forth above, prompts us to hold that the district court's award of attorney fees to Continental was improper.

*Plastic Container Corp.,* 607 F.2d at 906. In summarizing the disposition, we stated in part that

> [t]he district court's ... award to Continental of attorney fees is reversed; and the case is remanded for further proceedings, consistent with this opinion, on the question of validity of the Hall Reissue and (in the event the presumption of validity of the Hall Reissue is not overcome by Continental) on the matters pertaining

to Continental's intervening rights, discussed *supra.*

*Id.*

■ It is apparent from these passages that we considered an award of attorneys' fees unwarranted in this litigation. We stated that an award of attorneys' fees was improper, relying in part on conclusions and facts set forth in our opinion. We explicitly reversed the fee award and remanded the case for further consideration of other issues. Our treatment of the claim for attorneys' fees constitutes a conclusive holding that the case was not "exceptional" within the meaning of section 285 of the Patent Act.

On remand, the district court was precluded by res judicata from reconsidering our denial of the claim for attorneys' fees. *See* Restatement (Second) of Judgments § 13(e) (1982). Our holding insulated Plastic from claims by Continental for attorneys' fees based on Plastic's conduct prior to our decision in the case. Thus, the district court could only award attorneys' fees against Plastic on the basis of Plastic's conduct after our decision.

■ Although the district court justifies the fee award on the basis of a variety of actions by Plastic, it cites only two sources of questionable conduct by Plastic that arose after our decision: first, that Plastic continued to pursue this litigation despite evidence that its patent was invalid under the obviousness test; and second, that it failed to introduce certain evidence at trial that it cited in the pretrial conference. We do not believe that these actions are sufficient to transform the litigation into an exceptional case. Accordingly, we reverse the award of attorneys' fees.

established patent law. *See* 1 D. Chisum, Patents § 3.02 (1982); 1 A. Deller, Deller's Walker on Patents § 57, at 242 (2d ed. 1964). As Professor Chisum explains,

> Because of the requirement of substantial similarity and the stricture against combining references, novelty is often called a "fairly liberal test" of patentability and anticipation a "technical defense." Novelty is a liberal

test in the sense that it is fairly easy for an inventor through careful definition of his claim to avoid products and processes in the prior art. In contrast, the requirement of nonobviousness under Section 103, for which substantial similarity is not required and for which references can be combined, is more difficult to meet.

1 D. Chisum, § 3.02, at 6–7 (footnotes omitted).

### III

We conclude that the district court correctly chose to conduct an independent examination of the validity of Plastic's patent, and we affirm the court's finding that the patent was invalid. However, we hold that the district court erred in assessing attorneys' fees against Plastic. We therefore reverse the fee award.