**MORGAN ADHESIVES COMPANY,**
**Plaintiff,**

v.

**CHEMTROL ADHESIVES, INC.,**
**etc., Defendant.**

**No. C76–101.**

United States District Court,
N.D. Ohio, E.D.

Oct. 21, 1983.

Edwin W. Oldham and Ray L. Weber, of Oldham & Oldham, Akron, Ohio, and Thomas V. Koykka of Arter & Hadden, Cleveland, Ohio, for plaintiff.

Christopher B. Fagan of Fay & Sharpe, Cleveland, Ohio, and Richard J. Cusick and Mark Wallach of Calfee, Halter & Griswold, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION

MANOS, District Judge.

On February 2, 1976 plaintiff, Morgan Adhesives Company, (hereinafter, Morgan), filed the above-captioned case seeking injunctive relief, damages and attorney's fees due to the alleged infringement of its United States Letters Patent No. 3,900,645 (hereinafter, '645), by the defendant, Chemtrol Adhesives, Inc., (hereinafter, Chemtrol). On March 23, 1976 Chemtrol filed an answer and counterclaim seeking declaratory relief regarding the validity of the '645 patent, attorney's fees and treble damages for an alleged violation of Section 2 of the Sherman Antitrust Act of 1890. On May 20, 1983 the court granted Chemtrol's motion for summary judgment on Morgan's claim of patent infringement. On June 27, 1983 the court granted Morgan's motion to amend that judgment "to include a finding that there is no just reason for delay and that the judgment of the court is final." Throughout, the court has reserved ruling on Chemtrol's counterclaim for attorney's fees. In August, 1983, the court held a two-day hearing on the counterclaim.

Upon consideration of the testimony of the witnesses at the hearing, the exhibits received, and the briefs of both parties, the court finds that Chemtrol is not entitled to

attorney's fees under 35 U.S.C. § 285. Therefore, the court enters judgment for Morgan on Chemtrol's counterclaim. The following findings of fact and conclusions of law are filed in accordance with Fed.R. Civ.P. 52(a).

In patent cases, 35 U.S.C. § 285 permits an award of attorney's fees to the prevailing party when the circumstances are "exceptional." [1] Such an award "is intended to compensate the prevailing party for costs that it would not have incurred but for the conduct of the losing party and is within the sound discretion of the district court." *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 251 (6th Cir.1979). *Accord: White Consolidated Industries, Inc. v. Vega Servo-Control, Inc.*, 713 F.2d 788, 792 (Fed.Cir.1983); *Stevenson v. Sears Roebuck & Co.*, 713 F.2d 705 (Fed.Cir. 1983); *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1384 (Fed.Cir.1983); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 685 (7th Cir.1977) (cited with approval in *White Consolidated Industries Inc. v. Vega Servo-Control, Inc., supra*, 713 F.2d at 792). "However, an award is proper only where the district court had made specific findings that bring the case within the 'exceptional' definition." *Campbell v. Spectrum Automation Co., supra*, 601 F.2d at 251. *Accord Stevenson v. Sears Roebuck & Co., supra*, 713 F.2d at 712. "[A] case is exceptional if there arises 'such misconduct on the part of the losing party as to constitute fraud on the patent office or [conduct] so unfair and reckless as to make it unconscionable for the prevailing party to sustain the expense of counsel.'" *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.*, 708 F.2d 1554, 1560 (10th Cir.1983) (citation omitted). *Accord Stevenson v. Sears Roebuck & Co., supra*, 713 F.2d at 713 (there must be some finding "of unfairness, bad faith, inequitable conduct, vexatious litigation, or some similar exceptional circumstance"); *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc., supra*, 707 F.2d at 1384 ("fraudulent" or "inequitable" conduct); *Campbell v. Spectrum Automotion Co.*, 601 F.2d at 251 ("unfair, inequitable, unconscionable, or similar conduct"); *Faulkner v. Baldwin Piano & Organ Co., supra*, 561 F.2d at 685 ("to prevent gross injustice where fraud and wrongdoing are clearly proved").

Chemtrol contends that this case is exceptional for two reasons: (1) Morgan's failure to inform the Patent and Trademark Office of the Karn patent (3,230,649) during the prosecution of Morgan Patent 3,900,645, and (2) Morgan's filing of this infringement suit against Chemtrol, despite full knowledge of the Karn patent. Chemtrol argues that either of these acts constitutes inequitable conduct sufficient to justify an award of attorney's fees under 35 U.S.C. § 285. The court will address these alternative grounds separately.[2]

---

1. 35 U.S.C. § 285 provides:

    The court in exceptional cases may award reasonable attorney fees to the prevailing party.

2. Chemtrol also contends that the actions of Morgan's counsel with respect to the deposition testimony of Sharon Burt support a finding that this case is "exceptional" under 35 U.S.C. § 285. This argument is without merit for two reasons. First, the testimony of Burt, a former employee of both Chemtrol and Morgan, has nothing to do with Morgan's claim of patent infringement. As the Ninth Circuit Court of Appeals held in *Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp.*, 407 F.2d 288, 297 (9th Cir.1969):

    The authority to award attorney's fees found in 35 U.S.C. § 285 is limited to the patent side of the case.... If an action combines patent and nonpatent claims, no award of fees pursuant to section 285 can be allowed for litigating the nonpatent issues.

    *Accord DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, 694 (4th Cir.1976).

    Moreover, even if the actions of Morgan's counsel with respect to Burt were considered in connection with a patent claim, they would not be sufficient to justify an award of attorney's fees. This court agrees with the conclusion of the Federal Circuit in a similar case, in which the Federal Circuit held:

    [W]hile we cannot place our stamp of approval on the overall actions of [the patentee], we agree with the district court's holding that [the patentee's] conduct during prosecution of the [patentee's] patent does not constitute fraud or inequitable conduct.

    *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1384 (Fed.Cir.

Chemtrol first argues that Morgan's failure to inform the Patent and Trademark Office of the Karn patent during the prosecution of Morgan's '645 patent constitutes fraud or inequitable conduct, sufficient to justify an award of attorney's fees. In support of this argument, Chemtrol cites Regulation 1.56, which imposes a duty of candor and good faith on the inventor and his agents in dealing with the Patent and Trademark Office. This regulation also imposes on these individuals a duty to disclose all "material" information:

> All such individuals have a duty to disclose to the Office information they are aware of which is material to the examination of the application. Such information is material where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent.

37 C.F.R. § 1.56. Chemtrol argues further that the Karn patent is definitely "material" since the Court of Customs and Patent Appeals (CCPA) held that the claims of Morgan's '645 patent were unpatentable over prior art, and the Karn patent in particular.[3] Finally, Chemtrol argues that Morgan must have been aware of the Karn patent prior to filing its '645 patent application[4] because Andrew Karn sent a letter to him dated August 4, 1967,[5] which included a copy of the Karn patent and some samples, and Burton Morgan sent a letter to Andrew Karn dated August 9, 1967,[6] acknowledging receipt of the letter from him.

In response to these arguments, Morgan asserts that it never believed the Karn patent to be workable or in any way relevant to the Morgan '645 patent, and that its failure to inform the Patent and Trademark Office of the Karn patent was simply the result of its own conclusion, albeit erroneous, that the Karn patent was irrelevant. Morgan argues, therefore, that its failure to inform the Patent and Trademark Office of the Karn patent constitutes nothing more than simple negligence, and that negligence alone cannot justify an award of attorney's fees under 35 U.S.C. § 285.

Both the Morgan '645 patent and the Karn patent relate to pressure sensitive adhesive labels having a removable backing sheet. The Morgan '645 patent involves the mechanical compaction of the backing sheet along potential tear lines. The compaction causes the paper in the area of the potential tear lines to become embrittled so that it cracks when the backing paper is bent, thus facilitating the gripping and removal of the backing sheet from the pressure sensitive adhesive label. The Karn patent, on the other hand, involves cutting channels in the backing paper with a very sharp cutting knife. The knife cuts channels that go partway through the backing paper. Thus, it cuts most of the fibers along the tear line, but leaves a thin membrane of unbroken fibers. Dr. Robert C. McKee, an expert in the field of paper and paperboard, testified as to the difference between these two patents:

> A. The product, the Morgan product or the product made according to the Morgan patent, as I mentioned, is compacted in the area of the score. It is embrittled and, therefore, when you back-fold it, it will rupture....
>
> In contrast, the Karn process or patent, if you make those, you make the channels by die cutting with a very sharp knife, because you have to have a very sharp knife to cut. And what happens is that that very fine, thin member is more flexible. When you

---

1983). *Cf. Young v. General Electric Co.*, 96 F.Supp. 109, 140–41 (N.D.Ill.1951) (conscious withholding of documents and tampering of witnesses throughout the trial).

**3.** The CCPA affirmed the decision of the United States Patent and Trademark Office Board of Appeals, which sustained the examiner's rejection of Morgan's claims 1 through 4 under 35 U.S.C. § 103 ("obviousness").

**4.** The parent application of the Morgan '645 patent was filed on December 11, 1967.

**5.** Plaintiff's Exhibit 1.

**6.** Plaintiff's Exhibit 4.

back-fold it, it will not crack, in fact, very frequently, if not always, you will have a line of delamination right at that junction and thus you don't get the lining perfectly being able to be peeled off from the pressure-sensitive adhesive (indicating).

Transcript at 216.

█ As stated earlier, in order for a patent case to be "exceptional," there must be some finding of "unfairness, bad faith, inequitable conduct, vexatious litigation, or some similar exceptional circumstance." *Stevenson v. Sears Roebuck & Co.,* 713 F.2d 705, 713 (Fed.Cir.1983). Mere evidence of simple negligence, oversight, or *an erroneous judgment made in good faith not to disclose prior art* does not constitute fraud or inequitable conduct sufficient to justify an award of attorney's fees. *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.,* 707 F.2d 1376, 1383–84 (Fed.Cir.1983). *Accord Brown-Bridge Mills, Inc. v. Eastern Fine Paper, Inc.,* 700 F.2d 759, 767 (1st Cir. 1983); *American Can Co. v. Crown Cork & Seal Co.,* 693 F.2d 653, 657 (7th Cir.1982) ("Innocent or negligent omissions or misstatements before the Patent Office do not justify the award, but willfulness or bad faith if established by clear and convincing evidence are adequate even if not equalling fraud."); *Mayview Corp. v. Rodstein,* 620 F.2d 1347, 1357–59 (9th Cir.1980) (failure to disclose prior art that patentee "knew or should have known" was material does not, by itself, constitute an exceptional case). "It is within the province of the trial court to ascertain the state of mind of the one whose conduct is challenged and to determine whether the evidence establishes an intentional misrepresentation or, at least, gross negligence as to the truth." *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc., supra,* 707 F.2d at 1384.

█ In the present case, the court is not persuaded that Burton Morgan deliberately withheld disclosure of the Karn patent.

Nor is the court persuaded that the failure to make such a disclosure constitutes gross negligence. Rather, the court accepts the testimony of Burton Morgan that he never focused his attention on the Karn patent because he considered it to be a completely different and unworkable process. As Burton Morgan testified, "I didn't think about the Karn patent. It didn't cross my mind." Transcript at 197. Since innocent or negligent omissions do not justify an award of attorney's fees, and Chemtrol has not established willfulness or bad faith on the part of the plaintiff by clear and convincing evidence, *American Can Co. v. Crown Cork & Seal Co., supra,* 693 F.2d at 657, the court finds that Chemtrol's first ground for an award of attorney's fees under 35 U.S.C. § 285 is without merit.[7]

Chemtrol also contends that this is an "exceptional" case under 35 U.S.C. § 285 because Morgan filed this infringement action, *despite full knowledge of the Karn patent.* Chemtrol argues that the filing of this infringement suit was done solely for the purpose of harassing Chemtrol and Harold Robinson, president of Chemtrol and a former vice-president of Morgan. In response, Morgan asserts that it filed this patent infringement action in good faith, and upon the advice of counsel that its '645 patent was valid irrespective of the Karn patent.

The relevant facts with regard to the filing of this infringement action are as follows. On July 28, 1975, Vern Oldham, counsel for Morgan sent a letter to Chemtrol informing Chemtrol that the Morgan '645 patent was to be issued on August 19, 1975, and that a Chemtrol product appeared to be infringing on the soon-to-be-issued Morgan '645 patent. Soon thereafter, Richard Cusick, counsel for Chemtrol, asked Christopher Fagan of Fay and Sharpe, patent counsel, to prepare a comprehensive report of the patent infringement charges made by Morgan. After investigating the charges, Fagan concluded

---

7. *Cf. CMI Corp. v. Barber-Greene Co.,* 683 F.2d 1061, 1067 (7th Cir.1982) (clear and convincing evidence of intent to hide adverse information

from the patent examiner); *Dresser Industries Inc. v. Eltra Corp.,* 432 F.Supp. 153, 195 (N.D. Ohio 1977) (deliberate nondisclosure).

that the Morgan '645 patent was "fully anticipated by the Karn patent in the sense of 35 U.S.C. § 102(b)" and therefore invalid.[8] On January 8, 1976, Cusick sent a letter to counsel for Morgan in which he stated that, in his opinion, the charges asserted by Morgan were groundless. Cusick also forwarded a copy of the report prepared by Chemtrol's patent counsel to Morgan's counsel. Both Ray Weber and Ed Oldham, counsel for Morgan who reviewed the report, concluded that the Morgan '645 patent was valid irrespective of the references contained in the Karn patent.[9] Weber also sought the advice of Irving Powers, a patent attorney in St. Louis.[10] All three attorneys concluded that the Morgan '645 patent was valid notwithstanding the Karn patent, because the Morgan '645 patent concerned the *compaction* of fibers, as opposed to the *cutting* of fibers described in the Karn patent. Thus, on February 2, 1976, Morgan filed this patent infringement action.

In order for a case to be "exceptional" under 35 U.S.C. § 285, "there must be some finding ... of unfairness, bad faith, inequitable conduct, vexatious litigation, or some similar exceptional circumstance." *Stevenson v. Sears Roebuck & Co.*, 713 F.2d 705, 713 (Fed.Cir.1983). While it is unquestioned that the parties in this case harbor some ill feelings toward each other, the court is not persuaded that Morgan brought this infringement action against Chemtrol in bad faith. Rather, the court finds that Morgan filed this infringement action because it honestly believed that its '645 patent was valid irrespective of the Karn patent. As the district court stated in *Leinoff v. Louis Milona & Sons, Inc.*, 556 F.Supp. 273, 284 (S.D.N.Y.1982):

> [T]here is no evidence of bad faith, *and this court is not willing to discourage attorneys from that vigorous representation of clients which their Code of Professional Responsibility demands of them.* Accordingly, no award of attor-

neys fees will be granted [under 35 U.S.C. § 285].

(Emphasis added). *Accord Western Electric Co. v. Stewart-Warner Corp.*, 631 F.2d 333, 337 (4th Cir.1980) (reliance on in-counsel, whether in-house or outside counsel, is competent evidence of good faith), *cert. denied,* 450 U.S. 971, 101 S.Ct. 1492, 67 L.Ed.2d 622 (1981). Moreover, the dissenting opinion of Judge Baldwin in proceedings before the United States Court of Customs and Patent Appeals indicates that while Morgan may be in the minority with regard to its opinion on the validity of its '645 patent, that opinion is by no means a frivolous one. Thus, the court finds that Chemtrol's second ground for finding this case to be "exceptional" under 35 U.S.C. § 285 is without merit.

Accordingly, the court enters judgment for Morgan on Chemtrol's counterclaim for attorney's fees.

IT IS SO ORDERED.

---

8. Defendant's Exhibit J at 2.

9. Transcript at 235, 269.

10. *Id.* at 269–70; Plaintiff's Exhibit 21.