**In re Burton D. MORGAN.**

**No. 92–1278.**

United States Court of Appeals,
Federal Circuit.

Oct. 29, 1992.

Opinion Issued March 17, 1993.

Edwin W. Oldham, Oldham, Oldham & Wilson Co., LPA, Akron, OH, argued for appellant. Of counsel was Louis F. Wagner.

Murriel E. Crawford, Associate Sol., Office of the Sol., Arlington, VA, argued for appellee. With her on the brief were Fred E. McKelvey, Sol. and Richard E. Schafer, Associate Sol. Of counsel were John W. Dewhirst, Lee E. Barrett and Albin F. Drost.

Before MICHEL, PLAGER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Burton D. Morgan appeals the November 19, 1991 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences, Appeal No. 91–1882, affirming the rejection of an application for reissue of U.S. Patent 3,900,645, which expired on August 19, 1992. Because we conclude that the Commissioner has no authority to reissue this patent, we dismiss the appeal as moot.

## BACKGROUND

The '645 patent, which relates to a "Scored Adhesive Laminate," issued to Morgan on August 19, 1975. Morgan has attempted to reissue the '645 patent four different times.[1] He filed his first reissue application in 1977 under the then-existing "no defect" reissue rule. The Board of

---

1. The '645 patent has also been the subject of litigation. *Morgan Adhesives Co. v. Chemtrol Adhesives, Inc.,* 574 F.Supp. 832, 223 USPQ 639 (N.D.Ohio 1983), *aff'd,* 765 F.2d 158 (Fed.Cir. 1985), *cert. denied,* 474 U.S. 843, 106 S.Ct. 130, 88 L.Ed.2d 107 (1985).

Appeals affirmed rejection of Morgan's unamended patent claims 1–4 under 35 U.S.C. § 103, and the Court of Customs and Patent Appeals affirmed that rejection in an unpublished decision. *In re Morgan*, Appeal No. 81–552, 671 F.2d 506 (July 9, 1981). Morgan then filed a continuation reissue application, and later abandoned it. Three years later, Morgan filed a third reissue application with an amended claim 1.[2] The Board then affirmed a rejection under 35 U.S.C. § 103 over the same references relied upon in the first reissue. Morgan did not appeal, and in 1989 filed a fourth reissue application, the present one, with claim 1 amended in a different manner from that in the previous application,[3] and adding a new independent claim 5. In 1991, the Board affirmed rejection of Morgan's application under 35 U.S.C. § 112 for lack of support in the specification for the "uncut" limitation; under section 103, based upon the same references relied upon in the previous applications; and under 35 U.S.C. § 251, for new matter. The Board affirmed its decision on reconsideration and this appeal followed.

The '645 patent expired on August 19, 1992, while this appeal was pending. On October 7, 1992, after briefing on the merits, and a few days prior to the scheduled oral hearing, the Commissioner moved to dismiss this appeal, arguing that there is no "unexpired" term for which it has authority to reissue the patent and that this case is moot. We agree with the Commissioner and therefore grant his motion.

## DISCUSSION

Reissue of patents is governed by 35 U.S.C. § 251, which provides in pertinent part:

Whenever any patent is ... deemed wholly or partly inoperative or invalid ... the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, *for the unexpired part of the term of the original patent.*

(Emphasis added). "Unless exceptional circumstances dictate otherwise, '[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete.'" *Burlington N. R.R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987) (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)). That is the case here.

The language of section 251 is unambiguous: the Commissioner has authority to reissue a patent only "for the unexpired part of the term of the original patent." Thus, when Morgan's original patent expired on August 19, 1992, the Commissioner was divested of his reissue authority because there no longer was an unexpired term of the patent for which Morgan's patent could be reissued. Morgan's appeal thus became moot.

Morgan urges us to look beyond the unambiguous language of section 251. According to Morgan, this section should not be strictly construed, but should be applied in accordance with the remedial nature of the reissue provision. Morgan suggests that the underlying intent of this section was to prohibit the initiation of a reissue proceeding after expiration of the original patent. Morgan maintains that the phrase "for the unexpired term of the original patent" was not intended to terminate a reissue proceeding which had been properly initiated during the term of the original

---

**2.** Claim 1 read in pertinent part:

A flexible laminate ... comprising: ...
a fiber backing layer removably secured to said adhesive layer and having a reduced thickness potential tear line formed in such material, the fiber of the paper backing layer being appreciably compact *and uncut* at the potential tear line....

(Amendment emphasized).

**3.** Morgan transferred the term "uncut" in the earlier amended claim 1 to read as follows:

a fiber backing layer removably secured to said adhesive layer and having an *uncut* reduced thickness potential tear line formed in such material, the fiber of the paper backing layer being appreciably compact at the potential tear line....

(Amendment emphasized).

patent. Morgan points to 37 C.F.R. § 1.510(a), a reexamination rule, which provides in pertinent part:

> Any person may, at any time *during the period of enforceability of a patent*, file a request for reexamination by the Patent and Trademark Office of any claim of the patent on the basis of prior art patents or printed publications....

(Emphasis added). According to Morgan, since the reissue and reexamination are both remedial in nature, and since the Patent and Trademark Office (PTO) proceeds with reexamination proceedings even after expiration of an original patent, we should interpret the reissue provision to permit similar treatment. Morgan asks us to insert the term "enforceable" into section 251 to provide that the Commissioner has authority to reissue the patent "for the *enforceable* unexpired part of the term of the original patent." Even if this insertion were made, however, it would not enlarge "the unexpired part of the term of the original patent." Here there is no "unexpired part," enforceable or not.

Morgan's interpretation of section 251 is expressly contrary to the plain and unambiguous language of that section. Congress has provided clear language in section 251 and we cannot rewrite the statute. The fact that the intent of the reissue provision is remedial does not permit avoidance of plain statutory language. While the statute does not expressly require termination of a reissue proceeding when a patent expires, that is an inevitable concomitant of the provision that the patent can no longer be reissued. Morgan cites *In re Papst–Motoren*, 1 USPQ2d 1655 (Bd. Pat.App.Int.1986), to illustrate that the Board conducts reexamination proceedings after expiration of a patent. This may be so, but it is not relevant to a reissue case, since the plain language of section 251 controls; it is reissue, not reexamination, that is before us. The Board's holding in a reexamination case is not inconsistent with the Commissioner's motion to dismiss in this reissue case.

Morgan also argues that a strict reading of section 251 is inconsistent with 35 U.S.C. § 286, since under that provision a patentee may bring a patent infringement action up to six years after the reissued patent expires. This argument is not without some force, because a patent does have value beyond its expiration date. However, the issue here is not whether Morgan can file a complaint for patent infringement after a reissued patent expires, but whether the Commissioner has authority to reissue a patent after the original patent has expired. The plain and unambiguous language of section 251 compels us to conclude that he does not. A patent may be sued on after it expires, but it can no longer be reissued.

Finally, Morgan asks us to compel the Commissioner to exercise his equitable power to process his reissue application. We decline this invitation since the language of section 251 does not permit reissue of a patent which has expired. The Commissioner cannot possibly abuse his discretion concerning the conduct of reissue examinations when, as a matter of law, the process could not result in a reissued patent. Furthermore, there is no indication that the PTO unduly prolonged the processing of Morgan's application; in contrast, it is Morgan who spent fifteen years prosecuting four reissue applications, a fact which inexorably and inevitably led to the expiration of his patent.

## CONCLUSION

When Morgan's original patent expired on August 19, 1992, the Commissioner no longer had authority under 35 U.S.C. § 251 to reissue the patent. Accordingly, this appeal is moot and the Commissioner's motion is granted.

DISMISSED.